(No. 5554.   Decided August 1, 1905.)

LEE KIRKHAM, *an Infant, by his Guardian ad Litem, J. D. Kirkham, Respondent,* v. THE WHEELER-OSGOOD COMPANY, *Appellant.*[1]

DAMAGES—FUTURE PAIN AND SUFFERING—PERMANENT INJURY—INSTRUCTIONS.  Future pain and suffering from the mangling of a hand is a matter of such common knowledge that a recovery therefor is warranted without evidence thereof aside from the injury itself.

SAME—ERROR CURED BY SUBSEQUENT INSTRUCTIONS.  An instruction authorizing a recovery for such future pain and suffering as the plaintiff may endure as the ordinary and actual result and as a consequence of the injury is not prejudicial error in that it fails to limit the recovery to such future pain and suffering as would reasonably and probably flow from the injury, especially in view of an instruction that under no circumstances should an unreasonable or excessive verdict be returned.

MASTER AND SERVANT — CHILD LABOR — FACTORY ACT — CONSTRUCTION.  The factory act, Laws 1903, p. 261, providing that children under fourteen years of age shall not be "hired out" is intended to forbid their employment, as well as hiring out by parents, and the prohibition extends to all connected therewith, making the employment itself illegal.

MASTER AND SERVANT — NEGLIGENCE — INJURY TO EMPLOYEE OF TENDER YEARS—WARRANTY—INSTRUCTIONS.  In an action for personal injuries sustained by an employee twelve years of age, a charge to the jury that it is not enough to give general instructions as to dangers, but that they should have been such as to satisfy a careful person that he was familiar with the exact danger, is not objectionable taken as a whole, as assuming as a matter of law that general instructions are not sufficient.

SAME—DUTY TO PROTECT.  A disconnected portion of a charge to the jury to the effect that defendant owed the duty to protect plaintiff from risks which one of his age did not properly appreciate, may not be objectionable as an assumption that he did not appreciate the dangers.

SAME—DEGREE OF CARE.  In an action for personal injuries sustained by an employee twelve years of age, who had had no experience in a factory, an instruction that the degree of care owed by the defendant is much greater than is due an adult is not prejudicial, especially where the degree of care was afterwards correctly stated.

1 Reported in 81 Pac. 869.

SAME. An instruction, informing the jury as to the facts and circumstances that they might take into consideration in determining the degree of care required, is not open to the objection that it gives no rule for the guidance of the jury, when the court declared that the ordinary care required was such as an ordinarily prudent person would use under the circumstances.

SAME—CONTRIBUTORY NEGLIGENCE. A charge on the subject of contributory negligence, that the burden of proof is upon the defendant to prove that the plaintiff was injured by his own negligence, and not by the negligence of the defendant, does not limit the defense to cases where defendant is not negligent, when explained by a fuller correct explanation of contributory negligence.

MASTER AND SERVANT—CHILD LABOR—FALSE REPRESENTATION OF MINOR AS TO AGE—ESTOPPEL IN PAIS. In an action for injuries to a child under fourteen years of age, employed contrary to the provisions of the factory act, it is no defense that the child represented himself as being over fourteen, since estoppel *in pais* growing out of contracts does not operate against a minor.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 12, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries (the mangling of a hand in a sticker machine) sustained by a boy employed in a factory, contrary to the provisions of the factory act. Affirmed.

*Hudson & Holt,* for appellant. The instruction as to future loss and suffering was bad because not properly limited to such as was "reasonably certain" to result. Watson, Damages, pp. 363-365, 384; *White v. Milwaukee City R. Co.,* 21 Wis. 536, 21 N. W. 524, 94 Am. Dec. 562; *Hardy v. Milwaukee St. R. Co.,* 89 Wis. 183, 61 N. W. 771; 15 Cent. Dig., col. 1957; 13 Cyc. 138, 139; *Raymond v. Keseburg,* 91 Wis. 191, 64 N. W. 861; *Fry v. Dubuque etc. R. Co.,* 45 Iowa 416; *Ross v. Kansas City,* 48 Mo. App. 440; *Ayers v. Delaware etc. R. Co.,* 158 N. Y. 254, 53 N. E. 22; *Ohio etc. R. Co. v. Cosby,* 107 Ind. 32, 7 N. E. 373; *Kucera v. Merrill Lum. Co.,* 91 Wis. 637, 65 N. W. 374; *Curtis v. Rochester etc. R. Co.,* 18 N. Y. 534, 75 Am. Dec. 258; *Smith v. Milwaukee Builders' etc. Exchange,* 91 Wis. 360, 64 N.

W. 1041, 51 Am. St. 912, 30 L. R. A. 504. The employment of a minor is not negligence *per se.* 1 Labatt, § 18; *Youll v. Sioux City etc. R. Co.,* 66 Iowa 346, 23 N. W. 736; *Buckley v. Gutta-Percha etc. Mfg. Co.,* 113 N. Y. 540, 21 N. E. 717; *O'Keefe v. Thorne* (Pa. St.), 16 Atl. 737. The statute is to be strictly construed. *Daggett v. State,* 4 Conn. 60, 10 Am. Dec. 100; 26 Am. & Eng. Ency. Law (2d ed.), 661, 662, Endlich, Interpretation of Statutes, § 76; *Prescott etc. R. Co. v. Atchinson etc. R. Co.,* 73 Fed. 438; *Barry v. Snowden,* 106 Fed. 571. The presumption is that words were used in their popular sense. 26 Am. & Eng. Ency. Law (2d ed.), 625; Endlich, Interpretation of Statutes, § 76; *Corning v. Board of Com'rs,* 102 Fed. 57. It is not competent to "beg the intent" of a statute. *Northern Pac. R. Co. v. United States,* 36 Fed. 282. Accordingly employment is not forbidden by the provision that a child shall not be "hired out." 26 Am. & Eng. Ency. Law (2d ed.), 654. It is an encroachment upon the province of a jury to charge that it was not enough to give "to one of his age general instructions as to the dangers, but the instructions should have been such as would have satisfied," etc., since it assumes that the instructions given were not sufficient, because they were not such as would satisfy a reasonably prudent person, etc. This was a manifest instance of an instruction on the weight of the evidence. *Boyer v. Northern Pac. R. Co.,* 27 Wash. 707, 68 Pac. 348; 1 Labatt, § 252; *Probert v. Phipps,* 149 Mass. 258, 21 N. E. 370; *McDougall v. Ashland Sulphite-Fibre Co.,* 97 Wis. 382, 73 N. W. 327; *Reynolds v. Boston etc. R. Co.,* 64 Vt. 66, 24 Atl. 134, 33 Am. St. 908; *Bibb Mfg. Co. v. Taylor,* 95 Ga. 675, 23 S. E. 188. An infant as well as an adult is charged with notice of dangers. *Luebke v. Berlin Mach. Works,* 88 Wis. 442, 60 N. W. 711, 43 Am. St. 913; 1 Labatt, § 398. The breach of statutory duty does not take away the defense of contributory negligence. 2 Labatt, p. 2203; *Queen v. Dayton Coal & Iron Co.,* 95 Tenn. 458, 32

S. W. 460, 49 Am. St. 935, 30 L. R. A. 82; 1 Thompson, Negligence, p. 506; 2 Id., p. 1175; Bishop, Non-Contract Law, § 140; *Evans v. American Iron & Tube Co.,* 42 Fed. 519; *Krause v. Morgan* (Ohio St.), 40 N. E. 887; *Green v. Western American Co.,* 30 Wash. 87, 70 Pac. 310; *Hayes v. Bush etc. Mfg. Co.,* 102 N. Y. 648, 5 N. E. 784; *Tvedt v. Wheeler,* 70 Minn. 161, 72 N. W. 1062; *Lore v. American Mfg. Co.,* 160 Mo. 608, 61 S. W. 678; *Queen v. Dayton Coal & Iron Co.,* 95 Tenn. 458, 32 S. W. 460, 49 Am. St. 935, 30 L. R. A. 82; *Brower v. Locke,* 31 Ind. App. 353, 67 N. E. 1015; *Marino v. Lehmaier,* 173 N. Y. 530, 66 N. E. 572; *Lynchburg Cotton Mills v. Stanley,* 102 Va. 590, 46 S. E. 908.

*Govnor Teats,* for respondent, contended, *inter alia,* that the purpose of the factory act is to prevent the employment of child labor. *Tvedt v. Wheeler,* 70 Minn. 161, 72 N. W. 1062; *Christiansen v. Northwestern Compo-Board Co.,* 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; *Green v. Western American Co.,* 30 Wash. 87, 70 Pac. 310; *Lore v. American Mfg. Co.,* 160 Mo. 608, 61 S. W. 678; *Perry v. Tozer,* 90 Minn. 431, 97 N. W. 137, 101 Am. St. 416; *Ornamental Iron & Wire Co. v. Green,* 108 Tenn. 161, 65 S. W. 399; *Queen v. Dayton Coal & Iron Co.,* 95 Tenn. 458, 32 S. W. 460, 49 Am. St. 935, 30 L. R. A. 82. The defense of contributory negligence should not apply. *Lynchburg Cotton Mills v. Stanley,* 102 Va. 590, 46 S. E. 908; *Marino v. Lehmaier,* 173 N. Y. 530, 66 N. E. 572. Defendant's duty was to instruct as to the dangers. Shearman & Redfield, Negligence (5th ed.), § 219; Cooley, Torts (2d ed.), p. 652; Bailey, Master's Liability, p. 114; 4 Thompson, Negligence, §§ 4091-4103; *Fitzgerald v. Alma Furniture Co.,* 131 N. C. 636, 42 S. E. 946; *Cleveland Rolling-Mill Co. v. Corrigan,* 46 Ohio St. 283, 20 N. E. 466, 15 Am. St. 596, 3 L. R. A. 385.

RUDKIN, J.—On and prior to the 8th day of January, 1904, the defendant owned and operated a factory for the manufacture of sash, doors, mouldings, etc., in the city of Tacoma. On the 10th day of December, 1903, the plaintiff, an infant of the age of about twelve years, entered the employ of the defendant. Up to the 6th day of January, 1904, the plaintiff and his elder brother were engaged in tying up siding in a shed adjacent to the factory. On or about January 6th, they were transferred to the factory to point pickets and tie them into bundles. In close proximity to the place where the plaintiff was at work, was a sticker machine, used in the manufacture of pickets. On the last named date, a sliver became fast in the sticker machine and, while the operator's back was turned, the plaintiff attempted to remove it. In doing so his hand came in contact with the rapidly revolving knives in the head of the machine, causing the loss of the third and fourth fingers and a portion of the hand. The plaintiff had nothing to do with the operation of the sticker machine, and it was no part of his duty to remove the sliver therefrom. This action was brought to recover damages for the injuries so received.

The complaint alleged negligence on the part of the defendant, in putting the plaintiff at work in a dangerous place, without proper instructions, and without warning him against the dangers by which he was surrounded and to which he was exposed, and also negligence in employing the plaintiff in violation of the act of March 16, 1903, entitled, "An act to regulate the employment of child labor and to prohibit the employment of females under the age of eighteen years as public messengers and fixing a penalty for the violation thereof." Laws 1903, p. 261. The answer, in addition to the denials, alleged affirmatively contributory negligence on the part of the plaintiff, and that the plaintiff at the time of his employment represented that he was fourteen years of age. The case was tried before a jury

and resulted in a verdict and judgment for the plaintiff. The defendant appeals.

Numerous errors are assigned by the appellant, all of which are discussed under six general heads, and we will consider them in the same order. The first error assigned relates to instructions as to future suffering and loss. The court instructed the jury that, if they found for the respondent, they might take into account the pain and suffering the respondent had endured and may endure as the ordinary and actual result, and as a consequence of the injury sustained. The first objection to this instruction is, that there was no evidence as to future pain and suffering, and that the question should not have been submitted to the jury. It is true, there was no evidence to speak of as to future suffering or pain, aside from the nature of the injury itself. But a hand, mangled as this was, is subject to injury and consequent pain through life, where an uninjured member would not be affected, and we think this is so far a matter of common knowledge that the court would not be warranted in withdrawing the question of future pain and suffering from the jury. Like the question of the permanency of the injury, the injury in this case speaks for itself. It was further objected to this instruction that the court did not confine the jury to such pain or suffering as would reasonably or probably flow from the injury complained of. We do not think this objection is tenable, especially in view of the fact that the court instructed the jury that under no circumstances should an unreasonable or excessive verdict be returned.

The next assignment is, that the court erred in its instructions as to the child labor act of 1903, *supra*. This contention of the appellant is based upon the language of the act which declares that no child under the age of fourteen years shall be *hired out* in any factory, etc. It is contended that a child can only be *hired out* by the parent or guardian, and that the prohibition against the employment

does not therefore extend to the employer. This contention cannot be upheld. The manifest purpose of the act is to prohibit the employment of children in certain places, and the prohibition extends to all parties connected with the employment. The employment as well as the hiring out, is forbidden. An employer who knowingly employs or keeps in his employ a minor within the prohibited age, is guilty of a violation of the statute, and the employment itself is illegal. In the case at bar the minor was employed without the intervention of either parent or guardian, and if we adopt the views of counsel the act punishes only the child himself, the very person whom it sought to protect. It is needless to say we can adopt no such construction.

The next assignment relates to instructions on the weight of the evidence. In speaking of the instructions which it was incumbent on the appellant to give the respondent on entering its employ, the court said:

"You are instructed that it was not enough to give the plaintiff or one of his age general instructions as to the dangers, but the instructions to the boy should have been such as would have satisfied a reasonably prudent and careful person that he was familiar with the exact danger that would be likely to befall a boy of his age, while working around the place where he was injured."

Counsel criticise that portion of the instruction which is to the effect that general instructions are not sufficient. As an abstract statement this portion of the charge may not be correct. Instructions are required for a particular purpose and, if they are sufficient to satisfy the requirements of the law in that regard, it matters not whether they are general or special. While it cannot be said as a matter of law that general instructions are not sufficient, yet, when we take this statement in connection with what follows, we think the instruction as a whole fairly states the law.

The court further instructed the jury that, "It was the duty of the defendant to·use ordinary care to protect him

[the plaintiff] from risks which one of his age did not properly appreciate, and to which dangers plaintiff ought not to be exposed." It is claimed by the appellant that the court informed the jury by this instruction that the respondent was not capable of appreciating the risks and should not have been exposed to them. The above quotation is a disconnected portion of a sentence, and when the instruction is taken as a whole it is not open to the criticism urged against it.

Again, the court instructed the jury that, "The degree of care due by the defendant to the plaintiff or to one of tender years is much greater than is due to an adult." The degree of care required in either case is dependent entirely upon circumstances. It may be gross negligence on the part of a master to employ either a minor or an adult, without experience, in a dangerous place, without fully instructing him as to the dangers to which he is exposed. On the other hand, it may not be negligence to employ either, without any instructions whatever. It depends entirely upon the nature of the employment and the surroundings. A minor may be of such tender years that a court can declare as a matter of law that his employment is negligence, but independent of statute, the employment of a minor is not ordinarily negligence *per se*. In determining the question of negligence, the jury must take into consideration the minor's age, his experience, his intelligence, the nature of his surroundings, the dangers to which he is exposed, and all the attendant circumstances. It is often said by text-writers and by courts that the law exacts a greater degree of care in the employment of a minor than of an adult, and this, as a general rule, is true. But its bare statement conveys but little information to a jury. Where the plaintiff is a minor, the court is not required to instruct the jury as to the degree of care required in the employment of an adult, the jury are not themselves informed on that subject, and to compare the degree of care required in a given case, in which it is

the duty of the court to fully inform the jury, with the degree of care required in a case not before them, and in regard to which they are presumed to be equally ignorant, does not tend to enlighten them, to say the least. In this case, however, the respondent was an infant of about twelve years of age, without experience in mills or factories, and the statement of the court that the law required a much higher degree of care in his case than in the case of an adult is not prejudicial, especially in view of the fact that the degree of care required in the respondent's case was afterwards correctly stated to the jury.

The next error assigned relates to instructions as to the degree of care required of the respondent. In support of this assignment it is urged that the court informed the jury as to the different facts and circumstances that might be taken into consideration in determining the degree of care required of the respondent, but laid down no rule for their guidance. The court instructed the jury that the respondent was required to use ordinary care to avoid injury, that is, such care as an ordinarily prudent person would use under the facts and circumstances shown by the evidence, taking into consideration his age, capacity, knowledge, and experience. There is therefore no merit in this assignment.

On the question of contributory negligence, the court instructed the jury as follows:

"The jury are instructed that as to the defenses made by the defendant in its answer, the burden of proof is upon the defendant; that is to say, the defendant must prove by a fair preponderance of testimony that the plaintiff was injured by his own negligence, and not by the negligence of the defendant."

It is urged that this instruction is erroneous because it limits the defense of contributory negligence to a case in which the plaintiff is negligent and the defendant is not. The above instruction was explained by the following:

"An employee is bound to exercise that degree of care

which a reasonably prudent person of· his age, judgment, and experience would use in order to avoid being injured. Where an employee fails to exercise the care which is required of him and is injured, when if he had employed the proper degree of care he would not have been injured, such employee is said to be guilty of contributory negligence. If you find in this case that the plaintiff was guilty of contributory negligence you must find for the defendant."

Waiving the question whether this definition of contributory negligence is technically correct, taking the two instructions together, the jury could not have been misled.

It is lastly assigned as error that the court refused to instruct the jury that, if the respondent at the time of his employment represented that he was fourteen years of age, he is now estopped to deny it. It is true, as claimed by counsel, that infants are liable for their torts; that is, for pure torts, such as injuries to person or property. On the other hand, by the great weight of authority, infants are not liable for torts connected with or growing out of contracts, and the doctrine of estoppel *in pais* does not apply to them. 16 Am. & Eng. Ency. Law (2d ed.), pp. 307, 308; Field, Law of Infants, § 17; *Sims v. Everhardt,* 102 U. S. 300. In the last case cited, the supreme court of the United States says:

"The question is, whether acts and declarations of an infant during infancy can estop him from asserting the invalidity of his deed after he has attained his majority. In regard to this there can be no doubt, founded either upon reason or authority. Without spending time to look at the reason the authorities are all one way. An estoppel *in pais* is not applicable to infants, and a fraudulent representation of capacity cannot be an equivalent for actual capacity."

A careful examination of the record in this case discloses no reversible error, and the judgment is therefore affirmed.

MOUNT, C. J., HADLEY, ROOT, CROW, FULLERTON, and DUNBAR, JJ., concur.