[No. 34095. Department Two. September 19, 1957.]

HARRY HESS et al., *Respondents*, v. WAYNE CATRON et al.,
*Appellants*.[1]

*Crollard & Crollard*, for appellants.

*Lloyd D. Cunningham*, for respondents.

DONWORTH, J.—Respondents sued to recover damages for personal injuries sustained by respondent Mary Hess (hereinafter referred to as if she were the sole respondent), as

[1]Reported in 315 P. (2d) 640.

the result of a rear-end automobile collision which occurred at about seven o'clock p. m. on September 22, 1955.

The accident occurred on a Grant county road, known as the "Old Warden Highway," about four miles south of state primary highway No. 18. Both cars were proceeding in the same direction on the paved roadbed, which was approximately nineteen feet wide and had no defined center stripe. Appellants were driving their Buick automobile behind respondent's car as it was approaching an intersecting road into which respondent contemplated making a left turn.

It is not necessary to describe in detail the manner in which the collision occurred.

The complaint alleged the negligence of appellant husband in his operation of the Buick car in several particulars, and that, as the proximate result thereof, respondent will be permanently disabled for the rest of her life. The answer denied the material allegations of the complaint, and affirmatively alleged contributory negligence by respondent. Appellants also cross-complained for damages to their Buick car. The reply controverted the affirmative matter set forth in the answer.

The cause was tried before the court sitting with a jury. The jury's verdict was for respondent in the total sum of $7,050, which was itemized as follows:

"Medical and doctor ................... $ 417.50
Future medical ....................... 132.50
Pain and suffering ................... 2,500.00
Permanent partial disability ........... 4,000.00
Damage to the husband—nothing........ 0.00
_____
$7,050.00"

Appellants filed a motion for judgment n.o.v. or in the alternative for a new trial. After oral argument, memorandum briefs were submitted. Appellants contended that the trial court had erred in submitting two items of damage to the jury: (a) medical expenses ($417.50)—because there was no testimony as to their reasonableness, and (b) permanent partial disability—because there was no medical

testimony as to respondent having sustained any such injury.

The trial court rendered a memorandum opinion holding that the motion for judgment n.o.v. would be denied and that the motion for new trial would be granted, unless,

" . . . within 30 days from the date of this memorandum opinion, the Plaintiffs shall file a written consent to a reduction of $417.50, in the amount of the verdict and judgment, which would make the amount of the judgment that should be entered in this matter, $6,632.50, plus costs."

In the formal order entered pursuant to the memorandum decision, it was stated:

"1. The defendants have urged that there was no evidence presented in the case to sustain the giving of the instruction on damages for permanent partial disability for the plaintiff, Mary Hess, but the court instructed the jury and defined to the jury in what manner it could consider permanent partial disability in relation to the plaintiff's condition and instructed and set forth that the permanent partial disability could be considered as to '. . . the effect that such disability may have upon the Plaintiff, Mary Hess' normal activity in the future', and that there was testimony by the plaintiff as to her necessity in wearing a neck-brace eight months after the accident and to her general physical condition at the time of trial; that there was a question for the jury to determine if the injuries received at the time of the accident would affect her future normal activity according to the testimony offered at the time of trial.

"2. The contention of the defendants that there was no testimony on behalf of the plaintiff as to reasonable value of the medical bills is sustained, and therefore,

"It Is Hereby Ordered, Adjudged and Decreed that the defendants' Motion for a New Trial should be granted unless within 30 days from July 31, 1956, the plaintiffs shall file written consent to a reduction of $417.50 in the amount of the verdict and judgment."

Respondent and her husband thereafter filed their consent to a reduction in the amount of the verdict in the sum of $417.50, and judgment was entered against appellants in the amount of $6,632.50. Appellants have appealed therefrom.

Of the eight errors assigned, the first four relate to appellants' contentions that respondent was guilty of contribu-

tory negligence as a matter of law, and that their challenges to the sufficiency of the evidence should have been sustained. In support of their first contention, appellants assert that, by her own testimony, respondent showed that she had violated the provisions of RCW 46.60.110, which provides, in part:

"Any person driving a vehicle upon a public highway of this state and desiring to make a left hand turn at an intersection shall seasonably and prudently drive such vehicle to the extreme left hand side of that portion of the roadway lying to the right of the center of the highway a reasonable distance before making such left hand turn. It shall be unlawful for any person to make or attempt to make any right hand or left hand turn until he has attained the proper relative driving position as aforesaid."

Assuming that respondent's testimony established a violation of the statute above quoted, it was a question for the jury, under proper instructions from the court, to determine whether such violation proximately caused the collision. The evidence was conflicting as to the proximate cause of the collision. The jury resolved the issue in favor of respondents, and we are unable to say, as a matter of law, that it was wrong in so doing.

The trial court did not err in submitting the issue of contributory negligence and proximate cause to the jury.

Nor was there any error in denying appellants' motions challenging the sufficiency of the evidence produced by respondents. There was ample evidence which, if believed by the jury, would support a finding of liability against appellants.

The last two assignments refer to alleged errors in two instructions given to the jury. Since these instructions are not set out in appellants' brief in full, we cannot consider these assignments. Rules on Appeal 42(1)(f) and 43, 34A Wn. (2d) 45, 47, as amended, effective January 2, 1953. *Downie v. Cooledge*, 48 Wn. (2d) 485, 294 P. (2d) 926.

The remaining assignment of error (No. 5) relates to the denial of appellants' motion to strike from the verdict the item of four thousand dollars which the jury allowed for permanent partial disability. We think that the refusal to

strike this item was error in view of the medical testimony regarding respondent's injuries.

 We have carefully examined the testimony of Dr. Conklin, who was respondent's attending physician. He diagnosed her injury as a sprain of the cervical spine and said it was similar to a sprained ankle. The portions of his testimony describing the effects of this sprain on respondent are quoted in the briefs. We are unable to find any medical or other testimony in the record which indicates that respondent has sustained any permanent partial disability. This item of damage is a very different element from *future* pain and suffering. Respondent and the trial court seem to fail to distinguish between these two items.

Respondent's physical condition after the accident, as described by her, was that she had suffered from recurrent headaches that lasted two or three days, and that Dr. Conklin had prescribed Demerol to relieve the pain. She said that she was advised by Dr. Conklin to rent a neck brace, which she wore continuously for two weeks. Since then, she wears the brace only when the muscles in her neck become tense. She and her husband and four small children live in a six-room house. With some help from her husband and the eldest child, respondent has done all the housework since the accident. Prior to the accident she had worked off and on for about three years in a food store, but has been unable to do so since then.

In its memorandum opinion, the trial court based its denial of appellants' motion to strike the four-thousand-dollar item from the verdict on our decisions in *Kirkham v. Wheeler-Osgood Co.*, 39 Wash. 415, 81 Pac. 869 (1905), and *Orme v. Watkins*, 44 Wn. (2d) 325, 267 P. (2d) 681 (1954). In our opinion, neither of these cases supports the trial court's holding.

In the *Kirkham* case, a twelve-year-old boy, employed in a sash and door factory, cut off two fingers and a portion of his hand in a machine. This court said:

"The first error assigned relates to instructions as to future suffering and loss. The court instructed the jury that, if they

found for the respondent, they might take into account the pain and suffering the respondent had endured and may endure as the ordinary and actual result, and as a consequence of the injury sustained. The first objection to this instruction is, that there was no evidence as to future pain and suffering, and that the question should not have been submitted to the jury. It is true, there was no evidence to speak of as to future suffering or pain, aside from the nature of the injury itself. But a hand, mangled as this was, is subject to injury and consequent pain through life, where an uninjured member would not be affected, and we think this is so far a matter of common knowledge that the court would not be warranted in withdrawing the question of future pain and suffering from the jury. Like the question of the permanency of the injury, the injury in this case speaks for itself."

In the case at bar, respondent sustained no loss of a member of her body or any physical injury which was visible to an observer. The two cases are distinguishable on their facts.

The *Orme* case involved injuries sustained by a six-year-old school boy who was struck down on a crosswalk by an automobile. As stated in the decision, the appellant (automobile owner) argued that there was not a syllable of testimony of permanent disability, *or* of any impairment of physical vitality, *or* of future pain and suffering. After reviewing the evidence as to these elements, the majority opinion states:

"As to instruction No. 13, it should be noted that it does not mention *permanent* disability. On the other hand, there was evidence which, if believed by the jury, would warrant its considering 'future pain and suffering' and 'impairment of physical vitality.' The court was very particular in instructing the jury that it could not indulge in speculation or uncertainties, but could award damages only for such matters as were reasonably certain to happen as disclosed by the evidence."

It therefore appears that no issue as to permanent disability was submitted to the jury in that case.

In the present case, the trial court's instruction on damages (No. 22) included both past and future pain and suffer-

*ing.* We must presume, therefore, that the item of twenty-five hundred dollars designated in the verdict as being for pain and suffering includes both past and future pain and suffering. The *Orme* case did not involve any permanent disability, so it cannot be considered as authority for including such an item in the verdict in this case.

Because of the refusal of the trial court to strike from the verdict (and judgment based thereon) the item of four thousand dollars allowed for permanent partial disability, the cause is remanded with directions to grant a new trial, *limited to the issue of damages only*, unless within thirty days from the going down of the remittitur respondent files a written consent to a reduction of the judgment from $6,632.50 to $2,632.50. Upon such written consent being filed, the judgment, as reduced, shall stand affirmed. Appellants will recover costs in this court.

It is so ordered.

HILL, C. J., ROSELLINI, and FOSTER, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

---

November 4, 1957. Petition for rehearing denied.