[No. 34694. *En Banc.* December 17, 1959.]

OWEN B. FILER, *Respondent*, v. GREAT WESTERN LUMBER COMPANY *et al.*, *Appellants.*[1]

[1] Reported in 347 P. (2d) 898.

*Abrams, McCush & Rinker,* for appellants.

*Boone Hardin,* for respondent.

FOSTER, J.—Defendants below, Great Western Lumber Company and Elbert Young, appeal from a verdict and judgment for $6,167.81, in favor of respondent Owen B. Filer.

Appellant's logging truck and respondent's car collided in October, 1953, as a result of which respondent Filer sued Great Western Lumber Company and Elbert Young because of the negligence of the truck driver.

The accident occurred on a two-lane highway. Respondent was attempting to pass the logging truck when the truck driver turned left at an intersection. The vehicles collided. At the trial, appellant's driver admitted having seen respondent's car in his mirror well before starting to turn. The evidence conflicted as to whether the driver had signaled his intention for a left turn.

It is undisputed that the jury was entitled to find that appellant's driver negligently omitted such signal, and did so find.

However, appellants alleged respondent's contributory negligence in not sounding his car horn before passing, and that such was a proximate cause. The evidence is uncontradicted that respondent did fail to sound his horn before passing, on which ground appellants moved at appropriate junctures for a directed verdict, for judgment n.o.v., and for a new trial. To denial of these motions, appellants assign error. Error is also assigned to the giving of instruction No. 20, and to the refusal of a requested instruction. All raise the same question and do not require separate discussion.

Because respondent violated RCW 46.60.040 by failing to sound his horn before passing, which is negligence *per se*, appellants argue that respondent was contributorily negligent as a matter of law. This does not follow because

such contributory negligence must also be a proximate cause, and the evidence upon this point is in conflict.

The court, in instruction No. 18, told the jury that the violation of a statute was negligence but that such negligence would not bar recovery unless such violation proximately contributed to the accident. The instruction in full is as follows:

"The violation, if you find there was such a violation, of a statute governing the operation of motor vehicles is negligence as a matter of law.

"While the violation of a positive statute is negligence, such negligence will not bar recovery on the part of a plaintiff, nor will it render a defendant liable for damages, unless such violation proximately contributed to or proximately caused the injury."

There was evidence, and the jury was entitled to and did find, that the driver of the appellant's truck saw the respondent following and that the respondent waved at him as he drew abreast of appellant's truck in the act of passing. It is abundantly clear that the jury was entitled to find that the sounding of the respondent's car horn would not have added anything to the knowledge of the appellant truck driver of the respondent's intention to pass the truck.

The jury was fully entitled to find that the failure to sound the horn, therefore, was not a proximate cause of the accident.

In a number of decisions, presently noticed, this court has said just that. Recently, the supreme court of Oregon in this precise situation in *Perdue v. Pacific Tel. & Tel. Co.,* 213 Ore. 596, 326 P. (2d) 1026, said:

"It appears, therefore, that the trial court should have decided that ORS 483.310 (4) was violated. Such a violation is negligence per se. Although that section of our laws was disobeyed, it does not follow as a matter of law that the violation was the proximate cause of the plaintiff's injury. We think that the issue upon that score was for the jury."

The court properly instructed the jury and the evidence presented a dispute of fact. Nowhere are the rights and

liabilities more clearly stated than by Judge Cardozo for the New York court of appeals in *Martin v. Herzog,* 228 N. Y. 164, 170, 126 N. E. 814 (1920). His words are:

"We must be on our guard, however, against confusing the question of negligence with that of the causal connection between the negligence and the injury. A defendant who travels without lights is not to pay damages for his fault unless the absence of lights is the cause of the disaster. A plaintiff who travels without them is not to forfeit the right to damages unless the absence of lights is at least a contributing cause of the disaster. To say that conduct is negligence is not to say that it is always contributory negligence. 'Proof of negligence in the air, so to speak, will not do' (Pollock Torts [10th ed.], p. 472). . . ."

The late Judge Simpson for this court in *Webb v. Seattle,* 22 Wn. (2d) 596, 157 P. (2d) 312, 158 A. L. R. 810, summarized our decisions as follows:

". . . The determination of this question depends upon the necessity of the giving of a signal by the driver of the bus. The purpose of giving a warning by bell or horn is to focus the attention of people on the approach of a vehicle. In this case, the evidence shows that Harry Webb and all of the other young people saw the approach of the bus and were fully aware of its course of travel. That being true, it was not necessary to give a signal. *Van Dyke v. Johnson,* 82 Wash. 377, 144 Pac. 540; *Blanchard v. Puget Sound T. L. & P. Co.,* 105 Wash. 226, 177 Pac. 822; *Cole v. Washington Water Power Co.,* 119 Wash. 29, 204 Pac. 1060; *Hoopman v. Seattle,* 122 Wash. 379, 210 Pac. 783; *McClelland v. Pacific Northwest Traction Co.,* 138 Wash. 527, 244 Pac. 710; *Luther v. Pacific Fruit & Produce Co.,* 143 Wash. 308, 255 Pac. 365; *Wooldridge v. Pacific Coast Coal Co., ante* p. 314 [22 Wn. (2d) 314], 155 P. (2d) 1001."

The court's opinion in *Hess v. Catron,* 51 Wn. (2d) 40, 315 P. (2d) 640, stated the rule of law which controls here. It said:

"Assuming that respondent's testimony established a violation of the statute above quoted, it was a question for the jury, under proper instructions from the court, to determine whether such violation proximately caused the collision. . . ."

The court in *White v. Peters,* 52 Wn. (2d) 824, 329 P. (2d) 471, said:

". . . Plaintiff White's noncompliance with the requirements of his restricted driver's license may or may not have been a factor contributing to the accident. Whether his noncompliance is a proximate cause of the accident is a jury question in the circumstances of this case."

In *Satterlee v. Orange Glenn School Dist.,* 29 Cal. (2d) 581, 177 P. (2d) 279, the law was very accurately summarized:

"It is also necessary to show that the violation was a proximately contributing cause of the injury. (*Burtt v. Bank of California,* 211 Cal. 548 [296 P. 68]; *Williams v. Southern Pac. Co.,* 173 Cal. 525 [160 P. 660]; *Hitson v. Dwyer,* 61 Cal. App. 2d 803 [143 P. 2d 952]; *Sharick v. Galloway,* 19 Cal. App. 2d 693 [66 P. 2d 185].)"

The same view was expressed in *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465, as follows:

"The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. 2d 153, 141 A. L. R., 1010; *Lawrence v. Southern Ry.-Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolina Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625. . . ."

It is stated in 4 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed.) 102, § 2599, as follows:

"Failure to comply with a statute requiring the giving of signals by motor vehicles to warn other travelers of impending danger does not constitute actionable negligence, unless it is the cause of the injury of which complaint is made, nor will such failure prevent recovery by the motorist guilty of it if the injuries are not caused by it.

"Of course, under certain circumstances the jury may find that the failure to give a signal contributes to an accident, but where a vehicle is seen, or, for any other reason, a signal would not prevent an accident, the failure to give the signal is not the proximate cause of the accident."

The jury was properly instructed. The evidence produced a dispute of fact upon which the jury's verdict is

conclusive. Our constitution provides that trial by jury shall remain inviolate and that constitutional mandate is obligatory upon this court. We may not invade the province of the jury on a dispute of fact when the jury is properly instructed on the law.

The law is settled beyond legitimate controversy that, while the violation of positive law is in itself negligence, such negligence on the part of a plaintiff does not bar his recovery unless the statutory violation is, likewise, a proximate cause of the accident. *Atkins v. Churchill,* 30 Wn. (2d) 859, 194 P. (2d) 364; *Everest v. Riecken,* 26 Wn. (2d) 542, 174 P. (2d) 762; *Bleiler v. Wolff,* 23 Wn. (2d) 368, 161 P. (2d) 145; and *Perren v. Press,* 196 Wash. 14, 81 P. (2d) 867, held just that.

The judgment is affirmed.

FINLEY, OTT, and HUNTER, JJ., concur.

HILL, J. (concurring)—I concur in the result. I do not know specifically what the jury found or did not find. I am satisfied that it could have found plaintiff's failure to sound the horn was not a proximate cause of the collision. The issue of contributory negligence was, therefore, for the jury, and I would not interfere with its determination.

DONWORTH, J. (dissenting)—I agree that *if* there is conflicting evidence on any material fact necessary to determine whether respondent's negligence proximately caused this collision, the case was properly submitted to the jury and its verdict is conclusive. But my review of this record has failed to reveal any substantial conflict or dispute of fact on the question of proximate cause, notwithstanding the conclusion of the majority to the contrary.

The majority supports this conclusion by stating:

"There was evidence, and the jury was entitled to and did find, that the driver of the appellant's truck saw the respondent following and that the respondent waved at him as he drew abreast of appellant's truck in the act of passing. It is abundantly clear that the jury was entitled to find that the sounding of the respondent's car horn would not have added anything to the knowledge of the appellant

truck driver of the respondent's intention to pass the truck.

"The jury was fully entitled to find that the failure to sound the horn, therefore, was not a proximate cause of the accident."

Appellant Young admitted that he had observed respondent's car in his rearview mirror when the former was several hundred feet away from the intersection. Certainly this knowledge of the mere presence of a following vehicle in the same lane cannot be construed as imputing to the leading driver knowledge of the following motorist's subjective intention to pass.

The only other possible notice which appellant Young had concerning respondent's intention to pass is found in the above quotation from the majority opinion, to wit, that "the jury was entitled to and did find . . . that the respondent waved at him as he drew abreast of appellant's truck in the act of passing."

Respondent could not, and did not, testify that appellant Young *saw* him. Respondent did testify that, when his car was about fifty feet south of the center of the intersection, he was in the west lane nearly opposite the truck cab; at that point respondent waved to appellant Young; the latter looked downward from the cab of the truck toward respondent. On the other hand, appellant Young testified, by deposition, that he did not hear a horn signal (respondent admits none was given) or see respondent's car approaching alongside the truck cab until the moment of impact.

There is no dispute of fact as to the point or manner of impact. The vehicles collided near the entrance to the intersection road which appellant Young had intended to enter by making a left turn. Both drivers agreed that the vehicles came in contact wheel to wheel. The impact was described by respondent as follows:

"Well, the two front wheels hit. His front wheel on his left-hand side and my front wheel on my right-hand side."

The only dispute of fact relating to respondent's negligence and its being a proximate cause of the collision is that pertaining to the relative speeds of the vehicles as they

approached the intersection. Appellant Young testified that he had been traveling thirty-five or forty miles per hour when his truck was about 500 to 600 feet away from the intersection; that he commenced decelerating the truck and was traveling about ten miles per hour at the time of impact; that respondent's speed was "50 or better." According to respondent, he started to pass the truck about 150 feet away from the intersection, at which time he was traveling "about 40 miles an hour, 35 or 40," while appellant Young was traveling about thirty miles per hour; that appellant Young had reduced his speed to "20 or thereabouts" or less at the time of impact.

Accepting the testimony pertaining to speed which is most favorable to respondent, as we must, it becomes quite apparent that his "wave of the hand" while abreast of the truck was a useless, futile gesture. Traveling at thirty-five miles per hour (as respondent testified), he was less than three seconds away from the point of impact when he *commenced* passing, and *less than one second away from impact when he waved.* (This computation necessarily follows from the physical fact that his speed in miles per hour, when converted into feet per second, equals approximately one and one-half times the former. See *Klouse v. Northern Pac. R. Co.,* 50 Wn. (2d) 432, 438, 312 P. (2d) 647 (1957).)

The fact that these vehicles collided wheel to wheel is, in my opinion, conclusive on the issue of whether respondent's failure to comply with the statute (RCW 46-.60.040 quoted *infra*) was a proximate cause of the accident. The majority recognize that appellant Young's *only* notice of respondent's *intention to pass or act of passing* comes from the fact that "respondent waved at him as he drew abreast of appellant's truck in the act of passing." Yet, it is obvious that the "waving" and the impact were practically simultaneous. Respondent testified as much:

"He was, you see, his truck, cab, I could look up and I waved my hand at him, and we went just a *few* feet further and my right front wheel was up even with his and he looked down at the same time and he started to wheeling her right into me." (Italics mine.)

The truth of this statement is supported by the physical facts. Respondent, traveling twice as fast as Young, waved when he drew abreast of the truck cab. Although respondent was overtaking the truck at a rate exceeding twenty feet per second, the relative positions of the vehicles did not change appreciably from the time respondent waved until the moment of impact; otherwise, the vehicles would not have collided wheel to wheel. Hence, even if it be assumed that Young saw respondent's "wave," it is obvious that Young did not have sufficient time to avoid the collision because he had already begun his left turn.

I recognize that only in rare instances is the court warranted in withdrawing the issue of contributory negligence from the jury. *Wines v. Engineers Limited Pipeline Co.,* 51 Wn. (2d) 487, 319 P. (2d) 563 (1957). In *Kilmer v. Bean,* 48 Wn. (2d) 848, 296 P. (2d) 992 (1956), we discussed these "rare instances" as follows:

" . . . Ordinarily, the question of contributory negligence is for the jury, and it may be determined as a conclusion of law in only two classes of cases: (1) where the circumstances of the case are such that the standard of duty is fixed and the measure of duty defined by law, and is the same under all circumstances; and (2) where the facts are undisputed and but one reasonable inference can be drawn from them."

The last paragraph of RCW 46.60.040, with which respondent admits that he did not comply, reads:

"No person driving a vehicle upon a public highway outside of cities and towns and overtaking another vehicle proceeding in the same direction shall *overtake such vehicle* or *drive within* a distance of less than *fifty feet of such overtaken vehicle* for such purpose without *first* signaling his intention to pass by use of horn or other sounding device." (Italics mine.)

This rule of the road was obviously designed for the protection of the operator of the overtaken vehicle; its purpose was to provide ample notice to the leading driver of a following driver's intention to pass him. Appellant Young was the favored driver, entitled to the statutory notice of respondent's intention to pass when the latter came within

fifty feet of the truck. Had respondent obeyed the positive mandate of the legislature, the primary burden of avoiding a collision and yielding the right of way would have shifted to appellant Young. Instead, respondent admittedly disobeyed the statute, elected to wait until he was abreast of the truck, and then "waved." Less than *one second* later, or, as respondent stated, "a few feet further," the vehicles collided wheel to wheel.

Thus, the standard and measure of respondent's duty have been fixed by the legislature; the material facts as to his acts are undisputed, and only one reasonable inference can be drawn therefrom. The conclusion appears to me to be inescapable that, based upon respondent's own testimony which is corroborated by physical facts, his disobedience of the pertinent statute was a proximate cause of the collision.

The legislature has prescribed the *only* manner in which the driver of an overtaking vehicle (outside of cities and towns) may become entitled to the right of way in overtaking and passing a vehicle proceeding in the same direction (*i.e.* he must not overtake or drive within fifty feet of such vehicle for that purpose without *first* signaling his intention to pass by the use of his horn). The majority, in effect, have sanctioned a second and different method of obtaining the right of way to pass, *viz.* by waving at the driver of the overtaken vehicle when the vehicles are abreast of one another. Courts have no authority to substitute for a rule of the road enacted by the legislature another new and different rule which they consider to be just as good as, or better than, that adopted.

As I view the record, it is clear that this collision might not have occurred if appellant Young had signaled his intention to turn left (the jury was entitled to find that he had failed to do so). It is equally clear that the collision might not have occurred if respondent had obeyed his statutory duty of sounding his horn when his car approached within fifty feet of the truck. In my opinion, the independent negligence of each of the parties concurred and

proximately caused the collision. Neither party should be entitled to recover.

For this reason, appellant's motion for judgment n.o.v. should have been granted and judgment dismissing the action should have been entered.

I would reverse with appropriate instructions to the trial court to accomplish that result.

WEAVER, C. J., MALLERY, and ROSELLINI, JJ., concur with DONWORTH, J.