[No. 445-3.    Division Three.    April 3, 1972.]

HERMAN HARDTKE, *Respondent,* v. NICK M. SCHANZ *et al., Appellants.*

*Gale P. Hilyer, Jr.,* for appellants.

*George W. Dixon,* for respondent.

EVANS, J.—This action arises out of a collision between a vehicle driven by defendant Nick Schanz, attempting to make a left turn across a 2-lane highway, and a vehicle driven by plaintiff attempting to pass.

Plaintiff Herman Hardtke sued for personal injuries and property damage resulting from the collision, which occurred on State Highway 7 and the Muck-Kapowsin Road in Pierce County. Defendants answered and counterclaimed for their personal injuries and property damage. The case was tried to a jury. At the conclusion of plaintiff's case the court granted defendants' motion to dismiss on the ground that plaintiff was negligent as a matter of law in attempting to pass within 100 feet of an intersection. Plaintiff takes no appeal from that dismissal. Defendants moved for a directed verdict, which was denied. The case proceeded to trial upon the counterclaim. The jury by its verdict found defendant contributorially negligent, and the court entered judgment dismissing defendants' counterclaim. Defendants appeal.

Defendants first assign error to the refusal of the trial court to direct a verdict for defendants at the conclusion of all testimony. As stated by the court in *Moyer v. Clark,* 75 Wn.2d 800, 803, 454 P.2d 374 (1969):

> [A] motion for a directed verdict, . . . admits, for the purpose of ruling on the motion, the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. The motion requires that all evidence be interpreted in the light most favorable to the party against whom the motion is made and most strongly against the moving party. [Citing cases.] No element of discretion is vested in the trial court in ruling upon the motion. If there are justifiable inferences from the evidence upon which reasonable minds might reach conclusions that would sustain a verdict, then the question is

for the jury, not for the court. The motion may be granted only if it can properly be said as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the nonmoving party.

State Highway 7 runs in a generally north-south direction at the point where it intersects the Muck-Kapowsin Road. Plaintiff testified that at approximately 2 a.m. on the morning of April 14, 1968 he was traveling south in the right-hand lane of Highway 7 at approximately 45-50 miles per hour. It was raining and his windshield wipers were operating. As he came over a rise at a point approximately ¼ mile north of the Muck-Kapowsin Road he saw defendants' vehicle on the right shoulder of the road. At first he thought it was parked but as he approached he noticed defendants' vehicle was traveling at a slow rate of speed and easing into the right lane of Highway 7. At a point more than 150 feet from the intersection plaintiff turned into the passing lane with the intention of passing defendants' vehicle on the left. As plaintiff started to pass, defendant Schanz switched on his turn signal and immediately started a left turn onto the Muck-Kapowsin Road. Plaintiff sounded his horn "just a moment before I struck him." The resulting impact of the two vehicles occurred within the intersection. Defendant Schanz denied being on the shoulder of the road and testified that when he was 200 feet from the intersection, in the right lane, and before making his turn, he looked in his rearview mirror but did not see plaintiff's car. He did not look again before starting his turn.

■ Defendant Schanz contends he was entitled to presume, as a matter of absolute right, that the driver of plaintiff's vehicle would observe the obligations and duties of a following driver and not pass within 100 feet of an intersection. We cannot agree. RCW 46.61.305 provides in pertinent part:

No person shall turn a vehicle at an intersection . . . from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

The standard of reasonableness which inheres in the statute negates defendants' contention. As stated by the court in *Niven v. MacDonald,* 72 Wn.2d 93, 99, 431 P.2d 724 (1967):

> We have made it clear that whether a driver is favored or disfavored, he has a duty to look out for approaching traffic. Whether or not he actually looks or sees what was there, he is charged with seeing what was there to be seen. . . .
>
> . . .
>
> . . . negligence of the driver of the "oncoming car" in being where he was, could not affect the negligence of the driver who turns directly into the path of the "oncoming car."

*See, also, Rae v. Konopaski,* 2 Wn. App. 92, 467 P.2d 375 (1970); *McGlothlin v. Cole,* 3 Wn. App. 673, 477 P.2d 47 (1970); *Greenwalt v. Lane,* 4 Wn. App. 894, 484 P.2d 939 (1971).

■ Defendant Schanz was required to look immediately before making his left turn. *Niven v. MacDonald, supra; Hurst v. Struthers,* 1 Wn. App. 935, 465 P.2d 416 (1970). Whether he met that requirement and, if so, whether plaintiff's vehicle was in the passing lane to be seen an appreciable time before defendant Schanz started his left turn were questions of fact to be determined by the jury. The trial court properly denied defendants' motion for a directed verdict.

■■ Defendants next assign error to the giving of instruction No. 17, which reads as follows:

> You are instructed that the statutes of the State of Washington provide that no vehicle shall at any time be driven on the left side of the road:
>
> When approaching within 100 feet or traversing any intersection or grade crossing.

Not only is this a correct statement of the law—it was offered by the defendants. A party cannot request an instruction and then claim error because it was given. *Vangemert v. McCalmon,* 68 Wn.2d 618, 414 P.2d 617 (1966). Defendants contend the instruction as given in effect tells

the jury Schanz was negligent in crossing the center line to make a left turn, and their proposed instruction No. 1, which was refused, was intended to be given in conjunction with instruction No. 17 to eliminate any confusion in this regard. However, their proposed instruction No. 1 was properly refused. It was a combination narrative and formula instruction applying general principles of law to the specific actions of the parties, and contained matters more properly the subject of argument of counsel. In any event, the instructions given by the court, when considered as a whole, make clear the circumstances under which a driver may lawfully make a left turn at an intersection. We find no error in the giving of instruction No. 17 nor in the failure of the court to give defendants' proposed instruction No. 1.

Defendants also contend the trial court erred in failing to give their proposed Washington Pattern Instruction No. 70.02 relating to the right-of-way at uncontrolled intersections. We cannot agree. The instructions as given adequately covered the rights and duties of the respective drivers.

Finally, defendants assign error to the refusal of the trial court to give their proposed instructions Nos. 5 and 11 to the effect that speed in excess of the maximum lawful speed shall be evidence of reckless driving. The maximum lawful speed was 50 miles per hour. The only testimony as to speed was that of Hardtke, who testified he was traveling 45-50 miles per hour before applying his brakes. We find insufficient evidence in the record to support the giving of either instruction No. 5 or No. 11.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied May 8, 1972.

Review denied by Supreme Court June 21, 1972.