[No. 448-2.    Division Two.    May 11, 1972.]

LAWRENCE V. HALL, *Appellant,* v. DUANE MCDOWELL *et al., Respondents.*

*Wayne Roethler* (of *Roethler & McCulloch*), for appellant.

*Judson T. Klingberg* (of *Klingberg, Houston, Reitch, Cross & Frey*), for respondents.

PEARSON, J.—Plaintiff, Lawrence V. Hall, appeals from a summary judgment dismissing his action for personal injuries and damages against the defendants, Duane McDowell and wife. The issue raised on appeal is whether or not plaintiff was contributorially negligent as a matter of law for passing at an intersection.

The action stemmed from a traffic accident which occurred in Cowlitz County near the intersection of Lewis River Road (a 2-lane paved county highway) and Merrill Lake Road (a United States forest service road). The latter gravel roadway forms a T intersection with Lewis River Road, coming in from the north.

At the time of the accident, plaintiff was driving an empty logging truck easterly on the Lewis River Road. Defendant was driving ahead of plaintiff in a pickup truck and proceeding at a reduced rate of speed. Plaintiff testified in a pretrial deposition that when he was approximately 1,000 feet behind defendant and when the latter was some 400 to 500 feet from the intersection, plaintiff commenced to pass the pickup truck on the left. He did not sound his horn and observed no turn signals because apparently none was given. When plaintiff was nearly abreast of defendant, the latter commenced a left-hand turn onto Merrill Lake Road. Plaintiff swerved to avoid defendant, lost control, and the logging truck overturned, causing him personal injuries and other damages sought in this action.

In granting defendant's motion for summary judgment,

the trial court stated in a memorandum opinion that plaintiff was negligent as a matter of law for attempting to pass at an intersection and that such negligence was a proximate cause of the accident.

The ruling was premised upon a determination that (1) Merrill Lake Road was a "public highway" as defined by RCW 47.04.010(29);[1] (2) the collision occurred within the intersection; and (3) RCW 46.61.125(1)(b) prohibited passing within 100 feet of an intersection of public highways.

RCW 46.61.125 provides in part:

(1) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

. . .

(b) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;

By basing its decision on the violation of this statute, the trial court invoked the well-established rule that the violation of a statute relating to the rules of the road is negligence per se. *Goldfarb v. Wright,* 1 Wn. App. 759, 463 P.2d 669 (1970); *see Hurst v. Struthers,* 1 Wn. App. 935, 465 P.2d 416 (1970).

As will be pointed out later in the opinion, we believe the trial court was correct in determining that Merrill Lake Road was a public highway. However, the trial court erred in granting defendant's motion for summary judgment.

We are of the opinion that the issue of proximate causation is a question for the jury under the circumstances of this case. *See generally, Hess v. Catron,* 51 Wn.2d 40, 315 P.2d 640 (1957). Accepting plaintiff's evidence as true, he had commenced the pass long before the intersection was reached. He had been in the passing lane for a sufficient time and distance to give notice to a properly observant preceding vehicle driver of his intention to pass. *See Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967).

There is a positive duty of the driver intending to

---

[1]RCW 47.04.010(29) was changed to RCW 47.04.010(28) by the extraordinary session of the 1967 legislature.

execute a left-turn maneuver, either at an intersection or private roadway, to look to the rear before he turns. *Niven v. MacDonald, supra; Hardtke v. Schanz*, 6 Wn. App. 660, 495 P.2d 700 (1972).

There is also a statutory duty on the part of a driver intending to make a left-hand turn to signal continuously for at least 100 feet before turning, and the statute mandates that the turn not be made unless it can be made with reasonable safety. RCW 46.61.305. Both of these statutory mandates were violated by defendant, if plaintiff's evidence is accepted as true.

Under these circumstances, a jury would be entitled to determine factually that the presence of the forest service road at the location of the accident was a condition, rather than a cause, of the accident, and that the sole proximate cause of the accident was defendant's failure to properly look to the rear and give warning to the plaintiff that he intended to turn. *See Filer v. Great Western Lumber Co.*, 55 Wn.2d 272, 347 P.2d 898 (1959) where, under similar facts, proximate cause was held to be a jury question despite the violation of a statutory duty by the passing vehicle. (The violation involved in *Filer* was the failure of the passing driver to sound his horn, which at that time was mandatory.)

There are some five specific statutes concerning the rights and duties of the passing vehicle and the one being overtaken and passed. (RCW 46.61.100; RCW 46.61.110; RCW 46.61.125; RCW 46.61.290; and RCW 46.61.305.)

■ It is our view that while the trial court is at liberty to determine by summary judgment that violations of one or more of these statutes constitutes negligence as a matter of law, the trial court should be reluctant to determine at that stage the issue of proximate causation as a matter of law. Where multiple statutory rights and duties are involved, there is, we think, a question of reasonable application of these statutes which can best be determined at trial by submitting the issue of proximate causation to the jury.

*See Hardtke v. Schanz, supra; McGlothlin v. Cole*, 3 Wn. App. 673, 477 P.2d 47 (1970).

Plaintiff also contends that Merrill Lake Road is not a public highway and consequently the accident site was not at any intersection. We do not agree. As stated earlier, Merrill Lake Road is a United States forest service road. Although there are commercial restrictions upon its use, it is used by the public for access to Merrill Lake and certain portions of the Gifford Pinchot National Forest.

"Public highway" is defined in RCW 47.04.010 (28) as:

> Every way, lane, road, street, boulevard, and every way or place in the state of Washington open as a matter of right to public vehicular travel both inside and outside the limits of incorporated cities and towns;

Forest development roads are open to the public for purposes of vehicular travel and the United States Forest Service stated objective is that Washington state traffic laws are applicable.[2] These roads are considered extensions of state and local highway systems.[3] It is provided in 16 U.S.C.A. § 480 (1960) that the state wherein a national forest is located shall not lose its jurisdiction, nor shall the inhabitants thereof lose their rights and privileges as citizens.

In this particular case, Merrill Lake Road was open to the public and provided public access to Merrill Lake and the national forest land. That the authority for continued use came from the federal government, rather than from the state, does not make it less a "public highway."

Reversed and remanded for trial.

PETRIE, C.J., and ARMSTRONG, J., concur.

---

[2] Plaintiff's exhibit 1: Traffic Regulation and Law Enforcement on the National Forest Development Road System, Forest Service, United States Department of Agriculture at page 4 (1969).

[3] Plaintiff's exhibit 1, *supra* at page 7.