[No. 39-40207-3.   Division Three.   February 16, 1970.]

LEE HURST, *Respondent*, v. JOHN STRUTHERS, *Appellant.*

*Gavin, Robinson, Kendrick, Redman & Mays, John Gavin,* and *G. William Baker,* for appellant.

*Kenneth C. Hawkins,* for respondent.

GREEN, J.—Defendant appeals from a jury verdict in favor of plaintiff for injuries received in an automobile collision on August 24, 1965, between Yakima and Naches on U.S. Highway 410. U.S. Highway 410 runs in a general east-west direction.

Plaintiff Lee Hurst and a friend were traveling in a westerly direction toward Naches to fish the Naches River near a bridge. As they approached the bridge, they traveled around a long right curve and then a long left curve to a straight highway for about 450 feet to the east end of the approximately 60-foot-long bridge. Beyond the bridge the highway was straight for several thousand feet—Mr. Hurst estimated about 1 mile. At the immediate west end of the bridge was a turn-off on the south side of the highway where plaintiff and his friend intended to park. This necessitated a left turn across the highway by plaintiff. While plaintiff was making his left turn, he was struck in the left rear taillight, fender and bumper area causing his car to proceed across the highway, through the parking area and

onto some concrete riprap slabs along the river. The accident occurred at about 10 a.m.; the weather was clear; visibility was excellent; the highway was dry; there was no other traffic.

Mr. Hurst testified he was traveling 50 to 60 miles per hour and as he approached the bridge he slowed his speed to approximately 10 to 12 miles per hour. As plaintiff was rounding the curve to go toward the bridge, he glanced in his rearview mirror and saw defendant Struthers' car overtaking him. About two or three car lengths before he reached the bridge, plaintiff looked again and saw defendant's vehicle slightly over the center line into the passing lane with its left-turn signal light on. According to plaintiff, defendant's vehicle went back into the right lane and plaintiff *assumed* defendant was going to allow him to make his left turn. Based on this assumption, plaintiff never looked in his rearview mirror again and as he was making the left turn at the west end of the bridge, he was struck by defendant's vehicle. Mr. Hurst said that at the time he was struck his front wheels were just over the center line and his rear wheels were still on the right side of the road.

Defendant Struthers testified he came upon plaintiff's car in the curve just before the straight portion of the road leading up to the bridge; he followed plaintiff until he could pass; about 150 feet from the bridge he turned on his left-turn signal to pass and started to do so; he was traveling 25 to 30 miles per hour; as he came alongside plaintiff, plaintiff suddenly turned in front of him; he attempted to avoid a collision with plaintiff's vehicle by immediately applying his brakes and turning right; he was unable to do so and collided with the left rear fender and taillight of plaintiff's car, shoving plaintiff into the turn-off area.

State Trooper John R. Kelly testified that upon his arrival some time after the accident the defendant's vehicle had been pulled to the side of the road. His investigation disclosed two fresh skid marks 21 feet in length in the passing lane for westbound traffic on the bridge. Near the end of the skid marks, he noted some dirt and water indi-

cating the point of impact. The evidence shows the radiator on defendant's vehicle was damaged. Mr. Struthers identified the skid marks as his own but placed the point of impact slightly over the center line in the right westbound lane of traffic.

Following a verdict for plaintiff, defendant moved for judgment n.o.v. or a new trial. The motions were denied. Defendant appeals, claiming the trial court erred in (1) refusing to dismiss plaintiff's action at the close of the evidence on the ground that plaintiff was guilty of contributory negligence as a matter of law; and (2) the giving of certain instructions.

In support of the contention that plaintiff was contributorially negligent as a matter of law, defendant relies upon *Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967). That case involved the application of RCW 46.61.305(1):

> No person shall turn a vehicle . . . to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

In the *MacDonald* case, plaintiff signaled and then made a left turn into a private driveway contending she had looked in her rear-vision mirror and saw the passing lane was clear. She was uncertain as to the precise time she looked but claimed it was 2 to 5 seconds before the turn. Plaintiff, in turning, collided with defendant who had passed three other cars in a row and was in the passing lane. After pointing out that a left turn between intersections across a highway into a private driveway is one of the most dangerous of movements, the court said:

> Reasonable minds cannot differ on the proposition that had the plaintiff looked for possible traffic in the passing lane *immediately before* she started her left turn across it, she would have seen the oncoming MacDonald car which necessarily was in that lane an appreciable time before the plaintiff started her left turn. This is not a case of seeing the approaching car. Either she looked so long before she began her turn that the look was com-

pletely ineffective for the purpose intended, or she did not see what was there to be seen.

(Italics ours.)

Defendant Struthers contends that under the evidence, plaintiff looked and saw defendant's vehicle with its left-turn signal on and across the center line and assumed it was turning back into the right lane behind plaintiff; that such look occurred two to three car lengths before entering the bridge; that plaintiff never looked again; that when plaintiff was turning across the passing lane and his front wheels cleared the west end of the bridge, he was struck by defendant; that defendant left 21 feet of skid marks in the passing lane; that because defendant sought to avoid the collision, the impact occurred partially in the right lane of traffic; that if plaintiff had looked *immediately before* making the left turn, he would have discovered defendant and no accident would have occurred. It is claimed the rule announced in the *MacDonald* case applies to the instant case and therefore the court should have ruled plaintiff contributorially negligent as a matter of law.

The testimony of Trooper Kelly that defendant left skid marks in the passing lane for a distance of 21 feet prior to impact is uncontroverted. The presence of defendant in the passing lane is thereby clearly established. Indeed, plaintiff could not controvert the physical evidence of skid marks in the passing lane because his last observation was two to three car lengths prior to the east end of the bridge. He never looked again. At that point, plaintiff was aware not only of defendant's presence, but also that defendant's left-turn light was blinking. Notwithstanding this knowledge, plaintiff elected to *assume* defendant would permit him to make his left turn. Gambling on this assumption, he never looked again.

■ Applying the rule announced in the *MacDonald* case, it becomes clear that reasonable minds cannot differ on the proposition that had plaintiff looked for possible traffic in the passing lane *immediately before* he started his

left turn, he would have discovered defendant's vehicle which was there to be seen and the accident would have been avoided. Plaintiff knew of the presence of defendant's vehicle and of the fact that defendant's vehicle had its left-turn signal flashing, indicating to a reasonable person that such vehicle might enter the passing lane. In failing to look again *immediately before* making his turn, plaintiff was negligent as a matter of law. It seems clear that plaintiff's second look was completely ineffective for the purpose intended, namely, the making of a left turn with reasonable safety in compliance with RCW 46.61.305 (1).

In view of our holding, it is unnecessary to discuss the assignments of error raised with respect to instructions.

Judgment is reversed and this cause remanded for entry of judgment in accordance with this opinion.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied March 23, 1970.