[No. 129-40774-2.    Division Two.    March 13, 1970.]

PHILIP PETER RAE, *Appellant*, v. RALEIGH A. KONOPASKI
et al., *Respondents*.

*Calmar A. McCune,* for appellant.

*Chamberlin & Johnson* and *G. B. Chamberlin,* for respondents.

ARMSTRONG, C. J.—Our question concerns the respective rights of the parties in a collision between a driver attempting to make a left turn across a roadway and a following driver attempting to pass.

Plaintiff, Philip Peter Rae, appeals from a judgment for defendants, Raleigh A. Konopaski and Joy C. Konopaski, his wife. Plaintiff had sued for property damage resulting from a vehicular collision on Highway 101 in Clallam County at a point approximately 37 miles west of Port Angeles on November 14, 1966. Defendants answered and counterclaimed for their property damage. The case was tried to the court sitting without a jury.

Plaintiff's version of the testimony would establish that

his vehicle was traveling in a westerly direction. He intended to make a left turn in order to use litter barrels on the south side of the roadway. He turned on his car's left turn signal at a point approximately 200 yards east of the litter barrels and slowed his vehicle to allow the passage of an oncoming eastbound vehicle before making his left turn. He stated that approximately 3 seconds before turning he looked to the rear of his vehicle and saw the headlights of an approaching westbound vehicle behind him. It was dark and the headlights of the oncoming vehicle prevented him from seeing any signals from the vehicle behind him. Plaintiff heard no audible signal from the vehicle behind him, and as he commenced his left turn, his vehicle was struck in the right rear by a truck owned by defendants Konopaski and driven by defendant Geddes E. Robb. Plaintiff further testified that following the collision, defendant driver said to him that "he had seen my left turn signal for quite a ways, but he didn't think I was going to make a left turn because there was no side road to the left". Plaintiff alleged $430 property damage to his vehicle and its contents.

Defendant driver's testimony would establish that he intended to pass the plaintiff's vehicle on the left side and flashed the headlights of the truck he was driving from dim to bright and back to dim to signal his intent to pass. He thought he turned on directional signals. He stated that his vehicle was in the passing lane for 150 to 200 feet when the plaintiff's vehicle suddenly turned left in front of him. He also stated that he did not see a left turn signal on the plaintiff's automobile. The defendant driver further testified that he turned his vehicle to his right in an unsuccessful attempt to avoid collision.

The investigating officer at the accident scene was Clallam County Deputy Sheriff Dennis Morgison who testified that defendant driver told him he had seen turn signals of the plaintiff's vehicle prior to the accident, but it was too late.

The defendant driver denied making any statement to the effect that he had seen a turn signal on plaintiff's vehicle to either the plaintiff or the investigating officer.

Defendant Konopaski testified that when he arrived on the scene some 2 hours after the accident, plaintiff told him, "I didn't know there was a truck behind me". Plaintiff was not recalled to affirm or deny making this statement.

The trial court found that the defendant driver signaled his intent to pass; if plaintiff signaled his intention to make a left turn, it was not in sufficient time to warn defendant driver or to give him sufficient time to avoid a collision; and the plaintiff's vehicle turned left into the path of the defendant's overtaking vehicle. The court found that the collision and damage to defendant Konopaski's vehicle was proximately caused by plaintiff's negligence and concluded that defendants Konopaski were entitled to judgment against plaintiff in the sum of $3,140.13. Judgment was entered accordingly. ·

Plaintiff challenges this determination, making six assignments of error all relating to factual determinations of the trial court. Plaintiff requests alternatively that this court reverse the judgment of the trial court and award judgment to the plaintiff or deny defendants recovery on the basis of contributory negligence.

*Niven v. MacDonald,* 72 Wn.2d 93, 94, 431 P.2d 724 (1967), the leading case on the standard of care in making a left turn across a roadway interpreted RCW 46.61.305(1):

> No person shall turn a vehicle . . . to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with *reasonable* safety.

(Italics ours.)

In *Niven* there was substantial uncontroverted evidence that, had the plaintiff looked to the rear immediately prior to making the left turn, she would have seen an overtaking vehicle. The overtaking vehicle was in the passing lane continuously while passing three cars which were following

the plaintiff. The plaintiff had a clear and unobstructed view of the passing lane behind her for a quarter of a mile. Nothing occurred to confuse, deceive, or distract the plaintiff. Under these circumstances our Supreme Court held that it was negligence as a matter of law to turn to the left directly in the path of an overtaking vehicle.

The case at bar does not have that clear factual pattern, but there was substantial evidence to justify the trial court in its determination that plaintiff made his left turn under circumstances which would indicate that such movement could not be made with reasonable safety. The trial court was justified in its factual determination that plaintiff was negligent.

Plaintiff further contends that defendant driver's failure to use an audible signal or directional turn signal to indicate his intention to pass would constitute contributory negligence. RCW 46.37.380 provides in part that "[t]he driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway." The trial court was in the best position to evaluate the testimony of the witnesses and to determine whether it was reasonably necessary to sound the horn to assure safe operation under the circumstances of this case. Under the sharply conflicting testimony, the court could also determine whether defendant had given reasonable warning of his intention to pass by the method of flashing his headlights from dim to bright and bright to dim; or whether, under all the circumstances then prevailing, it was reasonable to require a directional turn signal of intention to pass.

As explained in *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), and many times since, an appellate court does not retry factual issues, and our examination of the record where a finding of fact is challenged, goes no further than to determine whether there is substantial evidence to sustain that finding.

The judgment of the trial court is affirmed.

PEARSON and PETRIE, JJ., concur.

PEARSON, J. (concurring)—I concur with the majority opinion, but feel constrained to comment on a decision of Division 3 of this court, with which our decision may, by implication at least, be in conflict. In *Hurst v. Struthers*, 1 Wn. App. 935, 465 P.2d 416 (1970) this court reversed a verdict and judgment in favor of the plaintiff (a left-turning car which was struck by a passing vehicle) and did so on the basis that RCW 46.61.305 (1) and its construction by *Niven v. MacDonald*, 72 Wn.2d 93, 431 P.2d 724 (1967) compelled such a result.

Our decision, insofar as it affirms the trial court's factual determination of negligence on the part of the plaintiff, is inconsistent with *Hurst*.

I do not believe the Supreme Court, in *Niven* intended to hold that in every circumstance where a passing driver collides with a left-turning driver, the latter is negligent as a matter of law. Such a construction renders meaningless the word *reasonable,* which appears in the statute.

I think that where the evidence of time or distance is conflicting or where there are conflicting inferences as to whether or not a last-minute glance by the lead driver would disclose the presence of the passing driver, or where as in *Hurst*, there is testimony that the passing car intends to wait until the left turn is completed, such circumstances should render the leading driver's negligence a fact question for the jury. I think *Hurst* takes *Niven* as too broad a rule, and that we should limit *Niven* to a situation, as the court had before it in *Niven,* where the evidence (and we add parenthetically the inferences from the evidence) is uncontroverted, and leaves room for no other conclusion than that had plaintiff looked immediately prior to commencing the left turn, he would have observed the overtaking vehicle.

Experienced drivers know of the speed with which a vehicle may overtake one that is slowing. They also are aware that there is in most vehicles a built-in blind spot where the silent approach of an overtaking vehicle will not be observed. The better visibility, of course, is with the

overtaking vehicle, and we do not perceive that *Niven* or the statute places any higher duty upon the driver making the left turn than it does on the overtaking vehicle. Both have statutory duties which, in my view, should be equal. It seems to me that *Hurst* creates an absolute in a situation where an absolute is unwarranted.

I agree with the majority in holding that the trial court had substantial evidence to support its factual findings and conclusion of plaintiff's liability to defendant.