[No. 242-3. Division Three. April 30, 1971.]

JACOB GREENWALT et al., *Respondents*, v. IRVIN W. LANE *et al.*, *Appellants*.

Robert R. Redman (of *Gavin, Robinson, Kendrick, Redman & Mays*), for appellants.

Robert Southwell (of *Malott, Keith & Southwell*), for respondents.

EVANS, J.—This is an action for damages arising out of a

collision at a highway intersection between plaintiffs' wheat truck making a left turn and defendants' overtaking automobile attempting to pass. Plaintiffs, whose son Marvin was driver of the left-turning truck, sought to recover for resulting property damages. Defendant Irvin W. Lane, owner and operator of the overtaking automobile, counterclaimed for personal injuries and property damages, and appeals from a judgment based upon the verdict of the jury in favor of plaintiffs.

Defendants' first four assignments of error are directed to the refusal of the trial court to find plaintiffs guilty of contributory negligence as a matter of law.

As stated in *McGlothlin v. Cole*, 3 Wn. App. 673, 677, 477 P.2d 47 (1970):

> The left-turning driver should be held negligent as a matter of law *only* when reasonable minds cannot differ on the proposition that had the left-turning driver looked for possible traffic in the passing lane immediately before starting the left turn across it, he would have seen the passing car which necessarily was in that lane before the driver started the left turn. In such situation the left turn could not be made with reasonable safety. *Niven v. MacDonald, supra* [72 Wn.2d 93, 431 P.2d 724 (1967)]; *Hurst v. Struthers, supra* [1 Wn. App. 935, 465 P.2d 416 (1970)]. When reasonable minds can differ on this proposition, the issue of negligence is for the trier of fact. *Rae v. Konopaski,* 2 Wn. App. 92, 467 P.2d 375 (1970).

Under the facts of the present case the precise issue presented by the defendants' first four assignments of error is whether reasonable minds can differ on the proposition that defendants' automobile was necessarily in the passing lane when plaintiffs' driver, Marvin, looked for possible traffic in that lane immediately before starting his left turn across it.

The rule is well settled that no element of discretion is involved in ruling on a challenge to the sufficiency of the evidence, either as to determining contributory negligence as a matter of law or primary negligence as a matter of law. Evidence favorable to the plaintiff, together

with all inferences therefrom, must be construed most favorably to the plaintiff, and the challenge can be granted only if the court can, as a matter of law, say that no substantial evidence exists to support the plaintiff's claim. *Bearden v. Estate of Chisholm*, 3 Wn. App. 454, 476 P.2d 127 (1970).

Viewing the evidence in accordance with the above principles the record discloses that Marvin Greenwalt was driving his parents' wheat truck north on U. S. Highway 395 at a speed of approximately 40 miles per hour, intending to turn left onto the Lind-Kahlotus crossroad. At the place in question Highway 395 consisted of two lanes running north and south, and the maximum posted speed was 60 miles per hour. At a point approximately 900 feet south of the Lind-Kahlotus intersection Marvin turned on his left-turn signal and began slowing down. At that time there was a van-type truck following him at a distance of approximately 100 feet, which was reduced to approximately 50 feet by the time Marvin reached the intersection and started his turn. Marvin testified that from the time he was 900 feet from the intersection, until he started his turn, he looked in his rear-view mirror several times, the last time being immediately before starting his turn. At no time did he see a car in the passing lane until after he had started his turn, at which time he saw defendants' car alongside his truck.

Defendant Irvin Lane was traveling north on U. S. Highway 395 at approximately 60 to 65 miles per hour. At some undetermined point south of the Lind-Kahlotus intersection he passed an automobile, later determined to be driven by a Mr. Hittel, and thereafter followed a large van-type truck for a short distance. At a point which he estimated to be 1,200 or 1,300 feet south of the Lind-Kahlotus intersection Lane turned into the passing lane, increased his speed to 70 miles per hour, and started to pass the van truck. It was at this time that Lane first observed plaintiffs' truck, which the jury could find was not over 100 feet ahead of the van truck. He stayed in the passing lane and was attempting to pass plaintiffs' truck when it turned at the intersection and

a collision between the two vehicles occurred. Defendant Lane was traveling 70 miles per hour while in the passing lane. He did not see a highway sign giving advance warning of the intersection, did not see the intersection as he approached it, and did not see Marvin's left-turn signal until he was even with the rear of the wheat truck. Marvin's turn at the intersection was gradual in nature at 10 miles per hour, and he was traveling generally in a northwesterly direction "cutting the corner" when struck by defendants' car. The point of impact was 9 feet west of an extension of the left fog line of Highway 395 approximately 50 feet from the point where Marvin crossed the center line in starting his turn. The right front of defendants' car struck the left side of plaintiffs' truck at a point slightly ahead of the truck's rear wheels. There were no skid marks from either vehicle prior to impact.

Defendant Lane was corroborated in his testimony that after starting his pass of the van truck he remained in the passing lane at all times until the collision, by Mr. Hittel, driver of the car which Lane had previously passed. Hittel also corroborated Lane's testimony as to the point where Lane started his pass of the van truck, to the extent that he testified Lane started that pass at a point approximately 1,200 feet south of the intersection "give or take 250 feet".

From these basic facts defendants argue that reasonable minds cannot differ on the proposition that had plaintiffs' driver looked before starting his left turn he would have seen defendants' car which was necessarily in the passing lane for a distance of 950 to 1,450 feet. Defendants reason that Lane was traveling 70 miles per hour, or slightly more than 105 feet per second, which means his automobile was in the passing lane, where it was plainly visible to plaintiffs' driver, for 9 to 14 seconds. Thus it is argued *Niven v. MacDonald*, 72 Wn.2d 93, 431 P.2d 724 (1967) is controlling. This argument is unassailable if we accept the premise upon which it is based, namely, that while traveling 70 miles per hour Lane started his pass of the van truck at a point approximately 1,200 feet south of the intersection.

However, we cannot accept that premise. It is contrary to the conclusion which must necessarily be drawn from the physical facts and other uncontroverted evidence relating to the speed of plaintiffs' truck and the time and distance required by Lane to pass both the van truck and the plaintiffs' wheat truck. While it is uncontroverted that defendants' car was traveling 70 miles per hour, or 105 feet per second, it is also uncontroverted that (1) during the last 900 feet plaintiffs' truck was traveling less than 40 miles per hour, and (2) the distance required for Lane to complete his pass of both trucks was the combined length of those trucks plus not more than 100 feet—the maximum distance between them. A simple mathematical computation based upon the time and distance involved leads to the inevitable conclusion that had Lane started his pass 1,450 feet, or even 950 feet, from the intersection, that pass would have been completed substantially before Marvin started his left turn. From these facts as to speed and distance the jury could well conclude that defendant Lane was considerably closer to the intersection than his testimony indicates when he started to pass the van truck. How close was a question for the jury. In considering that question the jury had before it not only the above testimony, but also the additional uncontroverted testimony that plaintiffs' truck was traveling 10 miles per hour when Marvin started his turn, and thereafter traveled approximately 50 feet in the turn before being struck by defendants' car. Under all the circumstances, there is substantial evidence from which the jury could find that, at the time Marvin looked in his rear-view mirror before starting his turn, defendants' car was still behind the van truck and not visible to plaintiffs' driver. In other words, reasonable minds can differ on the proposition that defendant was *necessarily* in the passing lane at that time, and the issue of contributory negligence of plaintiffs' driver was for the trier of the fact and not for the court to rule upon as a matter of law. *McGlothlin v. Cole*, 3 Wn. App. 673, 477 P.2d 47 (1970).

Having determined there was evidence from which the jury could find defendants' car was following the van truck at the time plaintiffs' driver started his turn, it was not error to give an instruction on the duties of the driver of a following car.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.
Petition for rehearing denied June 7, 1971.
Review denied by Supreme Court August 20, 1971.