[No. 430-3.    Division Three.    April 3, 1972.]

ADAM L. SCHAFFNER, *Appellant*, v. KENNETH W. SAUNDERS *et al., Respondents.*

*Ken Earl,* for appellant.

*Larry Carlson* (of *Carlson & Carlson*), for respondents.

MUNSON, C.J.—This action arises out of a noncollision accident occurring when a vehicle driven by plaintiff Adam L. Schaffner attempted to pass a vehicle driven by defendant Rudolph Estrade which was attempting to make a left turn across a 2-lane highway. Plaintiff appeals an adverse jury verdict.

The conflicting operative facts presented by the parties may be summarized as follows:

(1) *According to plaintiff*: Plaintiff was traveling 40-45 miles per hour east on a state highway when he saw defendant Kenneth Saunders' pickup (driven by Estrade) traveling in the same direction at approximately 20-25 miles per hour. Since he had an extremely long range of visibility, plaintiff pulled into the passing lane approximately 600 to 800 feet behind defendant and continued to overtake the pickup. At the time he pulled into the passing lane he did not sound his horn or turn on his left-turn signal. Before plaintiff overtook defendant, defendant's vehicle turned across the passing lane into a private driveway. Plaintiff slammed on his brakes and successfully ma-

neuvered his vehicle to avoid colliding with defendant. In so doing he lost control of his truck and it overturned. Plaintiff's truck left 90 feet of skid marks in the passing lane.

(2) *According to defendant Estrade*: Defendant was traveling approximately 30-35 miles per hour, looked into his rearview mirror approximately 250-300 feet[1] from the private roadway into which he was going to turn and saw plaintiff's truck behind him in the same lane approximately 250-300 feet. He signaled his intention to turn with his blinker, as well as with his left arm, and looked into his rearview mirror, saw the truck was still in the same lane as he and turned into the roadway.[2]

Plaintiff, extrapolating upon the factual pattern of *Niven v. MacDonald*, 72 Wn.2d 93, 431 P.2d 724 (1967) and *Hurst v. Struthers*, 1 Wn. App. 935, 465 P.2d 416 (1970), moved for a directed verdict at the close of defendant's case, *i.e.*, 90 feet of skid marks in the passing lane precluded any reasonable question as to whether plaintiff was in the passing lane when defendant turned into the driveway. The trial court denied the motion and in effect held while the presence of 90 feet of skid marks in the passing lane was uncontroverted, whether plaintiff's vehicle was a passing or following car at the time defendant signaled his intention to turn and commenced his turn was still a question for the jury. The jury found for defendant.

Plaintiff assigns error to: (1) the trial court's failure to direct a verdict in its favor; (2) the giving of three instructions embodying plaintiff's duty as a following and overtaking vehicle inasmuch as defendant was negligent as a matter of law; and (3) the trial court's failure to give plaintiff's proposed instruction directing the jury on the issue of

---

[1]All distances were given by Estrade in paces. A pace equals 2⅓ to 3 feet. Webster's Third New Int'l Dictionary (1969).

[2]The record indicates to us Estrade has difficulty clearly expressing himself in the English language. The judge and jury, however, had the advantage of listening to his testimony, which may have been an improvement over the form of the record before us.

defendant's negligence but letting it consider the causality aspect. We find the assignments to be without merit.

■ As observed by this court in *McGlothlin v. Cole,* 3 Wn. App. 673, 677, 477 P.2d 47 (1970) where there is a conflict in testimony as to whether plaintiff's car was following or passing:

> [T]he jury should have been instructed in the alternative as to the duties imposed under RCW 46.61.305(1) and *Niven,* and as it was in this case, the duties imposed under the following-car doctrine. *The left-turning driver should be held negligent as a matter of law only when reasonable minds cannot differ on the proposition that had the left-turning driver looked for possible traffic in the passing lane immediately before starting the left turn across it, he would have seen the passing car which necessarily was in that lane before the driver started the left turn.*

(Italics ours.) Under this holding the trial court properly denied plaintiff's motion for directed verdict and the instructions relative to the duty of a driver of a vehicle overtaking another and the following-car doctrine were proper.

Neither *Niven* nor *Hurst* should be read for the proposition there were skid marks in the passing lane, ergo the turning driver was negligent per se. In *Niven,* while there were skid marks, there was also evidence the passing car had passed three cars before the collision. Surely that car was in the passing lane to be seen had the turning driver looked immediately before commencing his turn. In *Hurst* not only did the driver not look immediately prior to turning, after having seen the following car with its turn indicator on, but the short length of skid marks indicate had he looked he could not have missed seeing the passing driver. In *Rae v. Konopaski,* 2 Wn. App. 92, 467 P.2d 375 (1970), *McGlothlin v. Cole, supra,* and *Greenwalt v. Lane,* 4 Wn. App. 894, 484 P.2d 939 (1971) factual questions were presented such as in the instant case. Here the court properly submitted the issues of negligence to the jury, rather than making factual determinations as a matter of law.

Although the court did not instruct relative to *Niven* and *Hurst*, there was no error. Plaintiff's only proposed passing-car instruction was a directed verdict form on the matter of defendant's negligence and consequently improper under the facts and the *McGlothlin* holding.

Judgment affirmed.

GREEN and EVANS, JJ., concur.