[No. 14512-3-III.    Division Three.    January 16, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. MONICA EILEEN MEWES, *Appellant*.

*Philip E. Nino*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Mary Ann Brady, Deputy*, for respondent.

SWEENEY, C.J. — The State charged Monica Mewes with second degree kidnapping. A court commissioner found her guilty as charged following a bench trial. The court then entered findings of fact on a preprinted form which read:

> The court, based upon the Information, testimony heard and the case record to date, finds that the defendant has been proven guilty beyond a reasonable doubt of the following offense(s): Kidnaping [sic] 2°

The report of proceedings filed on appeal is replete with "inaudible" victim responses. The State concedes that the record cannot be supplemented because the tape is no longer available. In addition, the State cannot retry the case because the victim is no longer available. We, nonetheless, take this opportunity to again stress the importance of findings of fact on all ultimate facts supporting each element of the crime charged. JuCR 7.11(d).

As we have previously noted, "[a]dequate written findings are essential to 'permit meaningful appellate

review.' " *State v. Pena*, 65 Wn. App. 711, 715, 829 P.2d 256 (1992) (citing *State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984)). This is because we neither retry factual issues nor substitute our judgment for those of the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959); *Rae v. Konopaski*, 2 Wn. App. 92, 95, 467 P.2d 375 (1970). When an appellant assigns error to the sufficiency of evidence to support a finding, our review is limited to consideration of whether substantial evidence supports the court's findings of fact. *Id.* at 95. Without adequate findings of fact, we are unable to perform this essential appellate role.

A trial court need not make a finding for all evidence introduced. Findings need only address all ultimate facts and material issues. *Wold v. Wold*, 7 Wn. App. 872, 875, 503 P.2d 118 (1972). Material facts are those which carry influence or effect, or are necessary, and must be found, or are essential to the conclusions. *Id.* at 875. "Ultimate facts are the essential and determining facts upon which the conclusion rests and without which the judgment would lack support in an essential particular." *Id.* at 875. They must be found in order for the court to apply the law.

The findings here are effectively nonexistent. Ms. Mewes was charged with second degree kidnapping. A person is guilty of kidnapping in the second degree if he or she intentionally abducts another person under circumstances not amounting to kidnapping in the first degree.[1] RCW 9A. 40.030.

" 'Abduct' means to restrain a person by . . . secreting or holding him in a place where he is not likely to be found . . . ." RCW 9A.40.010(2)(a).

---

[1] Kidnapping in the first degree requires intentional abduction of another person with intent:

"(a) To hold him for ransom or reward, or as a shield or hostage; or

"(b) To facilitate commission of any felony or flight thereafter; or

"(c) To inflict bodily injury on him; or

"(d) To inflict extreme mental distress on him or a third person; or

"(e) To interfere with the performance of any governmental function." RCW 9A.40.020(1).

"Restrain" means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his liberty. Restraint is "without consent" if it is accomplished by . . . any means including acquiescence of the victim, if he is a child less than sixteen years old . . . and if the parent, guardian, or other person or institution having lawful control or custody of him has not acquiesced.

RCW 9A.40.010(1).

The statutory scheme would then require findings on the following: (1) Ms. Mewes' intent; (2) the child was abducted within the meaning of the statute; and (3) the child was restrained under the meaning of RCW 9A.40.010(1). These are the ultimate facts. The failure to make those findings of fact precludes any meaningful review.

The conviction is reversed. And because of the State's concessions, we dismiss.

THOMPSON and SCHULTHEIS, JJ., concur.