[No. 29614-4-II.  Division Two.  December 23, 2003.]

THE STATE OF WASHINGTON, *Respondent,* v. CHRISTOPHER M. BROWN, *Appellant.*

---

*Pattie Mhoon*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Alicia M. Burton* and *Jennifer Sievers, Deputies*, for respondent.

ARMSTRONG, J. — Christopher M. Brown appeals his conviction for one count of unlawful possession of a controlled substance, arguing that the trial court should have suppressed evidence of cocaine the police found during a search incident to his arrest following a traffic stop. Police stopped the vehicle in which he was a passenger because it failed to signal when it turned right from a private driveway onto a public roadway. Because this maneuver is not a traffic infraction and the police had no other basis for the stop, we reverse with instructions to dismiss the case.

## FACTS

On September 17, Tacoma Police Officers Christopher Martin and Scott Shafner patrolled an area including the 5600 block of South Fife Street in Tacoma. The officers conducted this "high-profile" patrol because of several neighborhood complaints regarding gang and traffic problems, and speeding cars. During their patrol, the officers gave special attention to certain locations, including a 7-11 store located on South 56th Street.

At approximately 11:00 P.M., Officers Martin and Shafner saw a silver Honda Civic make a right turn out of the 7-11 parking lot onto South 56th Street without signaling. The officers followed the Honda, ran its plates to determine if the vehicle was stolen,[1] and then stopped the car for failing to signal when it pulled out of the 7-11.

During the car stop, the officers learned that Brown, a passenger, had an outstanding arrest warrant. In a search pursuant to Brown's arrest, the officers found several pieces of rock cocaine.

The State charged Brown with one count of unlawful possession of a controlled substance, cocaine, a violation of RCW 69.50.401(d). The trial court denied Brown's motion to suppress the evidence, and he was then convicted.

## ANALYSIS

Brown argues that the failure to signal when turning out of a private driveway and entering a public roadway is not a violation under RCW 46.61.305 and, therefore, the police had no lawful basis for the traffic stop. The State responds that the turn signal requirement of RCW 46.61.305 was properly applied to the vehicle's turn from the 7-11 parking lot onto South 56th Street.

■ If an initial traffic stop is unlawful, evidence obtained in a subsequent search is inadmissible as fruit of the

---

[1] The vehicle was not stolen.

poisonous tree. *State v. Kennedy*, 107 Wn.2d 1, 4, 726 P.2d 445 (1986).

█ RCW 46.61.305(1) provides in part: "No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal." In contrast, RCW 46.61.365, which applies when a vehicle emerges from a driveway, provides in relevant part:

> The driver of a vehicle within a business or residence district emerging from [a] . . . driveway . . . shall stop . . . immediately prior to driving onto a sidewalk . . . and shall yield the right of way to any pedestrian . . . , and upon entering the roadway shall yield the right of way to all vehicles approaching on said roadway.

Plainly read, RCW 46.61.305(1) does not require a driver exiting a driveway to signal. The statute applies to a vehicle turning or moving *upon* a roadway, not a vehicle turning or moving *onto* a roadway. Thus, although the State may be correct that "the majority of the vehicle's turning is done on the highway itself," RCW 46.61.305(1)'s signal requirement applies only to vehicles that are already "upon a roadway." Resp't's Br. at 7. Section (2) of RCW 46.61.305 supports this interpretation by requiring the signal to "be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." If RCW 46.61.305 applied to vehicles exiting a driveway, they would be required to signal for at least one hundred feet before the exit. And this may not be possible in many driveway or parking lot exits. We conclude that RCW 46.61.365, which does not require a signal before exiting a driveway, applies to the driver of the car here.

The State cites *Hurst v. Struthers*, 1 Wn. App. 935, 465 P.2d 416 (1970); *Niven v. MacDonald*, 72 Wn.2d 93, 431 P.2d 724 (1967); and *McGlothlin v. Cole*, 3 Wn. App. 673, 477 P.2d 47 (1970), as examples of how courts have applied RCW 46.61.305(1) to vehicle movements that appear to be governed by more specific traffic statutes that do not contain an explicit signal requirement. But in each case,

the issue was whether the driver had made a safe turning movement, not whether he had properly signaled. *Hurst*, 1 Wn. App. at 938-39; *Niven*, 72 Wn.2d at 99-100; *McGlothlin*, 3 Wn. App. at 677-78.

The State argues, however, that RCW 46.61.185,[2] which applies to left turns within an intersection, and into an alley, private road, or driveway, does not contain a signal requirement and, because courts applied RCW 46.61.305(1) to similar movements in *Hurst* and *Niven*, it should apply here, too. We disagree.

*Hurst* and *Niven* both involved vehicles already traveling on roadways; while attempting left turns, the cars were involved in accidents with following or passing vehicles. *Hurst*, 1 Wn. App. at 935-36; *Niven*, 72 Wn.2d at 94-95.[3] And RCW 46.61.185 concerns the duty to yield the right-of-way to *oncoming* vehicles. Therefore, the *Hurst* and *Niven* courts had no reason to apply RCW 46.61.185 or its predecessors in conjunction with RCW 46.61.305(1). Rather, the drivers in these cases were presumably held to the requirements of RCW 46.61.305(1), not because they were making left turns specifically, but because they were attempting to turn while "upon a roadway." *See* RCW 46.61.305(1).

The State next makes a similar argument in regard to passing movements based on *McGlothlin* and RCW 46.61-.110, .115, .120.[4] Again, the *McGlothlin* court likely applied RCW 46.61.305(1) simply because the vehicle was "upon a roadway."

We conclude that the initial car stop was unlawful. RCW 46.61.305(1) does not require a vehicle exiting a driveway or

---

[2] RCW 46.61.185 provides:

The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

[3] So did *McGlothlin*, 3 Wn. App. at 674.

[4] RCW 46.61.110 and .120 concern passing on the left, .115 concerns passing on the right.

parking lot to signal. Accordingly, the trial judge should have suppressed the evidence.

Reversed.

MORGAN and BRIDGEWATER, JJ., concur.