

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34753-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER GLEN STANDLEY, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Christopher Glen Standley appeals his convictions following a bench trial for five crimes committed during a roughly 12-hour-long drug- or withdrawal-fueled spree. He challenges the sufficiency of the evidence and the trial court's findings on four counts, claims a violation of his constitutional protection against double jeopardy, and contends his trial lawyer provided ineffective representation by not arguing at sentencing that three of his crimes amounted to the same criminal conduct.

The State reasonably concedes that two of the trial court's convictions for second degree assault violate the protection against double jeopardy, and we remand with directions to vacate Mr. Standley's conviction for one of the counts. While the evidence was sufficient to support the remaining convictions, the trial court's findings fall short of supporting its conclusion that four of the counts were proved. We remand with directions

to the trial court either to make further findings in support of its convictions on those counts or to vacate those convictions. We otherwise affirm.

## FACTS AND PROCEDURAL BACKGROUND

The State charged Christopher Standley with eight crimes, some in the alternative, for a series of crimes committed against his former girlfriend and their drug dealer on February 27, 2016. Mr. Standley does not assign error to most of the trial court's findings of fact,[1] on which we largely base the following factual background.

The first crime was Mr. Standley's assault of his former girlfriend, Amanda Hedrick. It took place in her car, where she and Mr. Standley, then essentially homeless, were spending the night. For an hour, enraged because he believed Ms. Hedrick had taken more than her share of heroin purchased from their dealer, Mason Beeman, Mr. Standley brutally attacked her. He beat her with his closed fists, her boots, and a can of food, and poked her repeatedly with a metal pin. There was also evidence at trial that while intermittently smoking methamphetamine, he threatened to stab her with his knife. He told her to write a letter to her family because she would be dead before sunrise if she tried to leave or contact the police. Ms. Hedrick testified at trial that the car was locked during the assault, and Mr. Standley would not let her leave.

---

[1] He assigns error to only findings of fact 18 and 19. Br. of Appellant at 1.

The next morning, Mr. Standley required Ms. Hedrick to join him on a forced march across town to Mr. Beeman's home. According to Ms. Hedrick, Mr. Standley wanted to go there to "get to the bottom of why [the heroin] looked short." Report of Proceedings (RP) at 110. At one point during their trek, Mr. Standley told Ms. Hedrick she needed to prostitute herself to get money to pay what she owed him, going so far as to point out a man she should approach to offer sex for money.

Once at Mr. Beeman's home, Mr. Standley and Ms. Hedrick entered, Mr. Standley accused Mr. Beeman of shorting him, and the two men argued and then fought. Although Mr. Beeman testified he was eventually able to throw Mr. Standley out of his room, it was not before Mr. Standley struck Mr. Beeman's face with a small knife. Mr. Beeman was hospitalized in intensive care for several days as a result. Ms. Hedrick was also taken to the hospital, having sustained facial bruising and chipped teeth.

In an amended information, the State charged Mr. Standley with the following eight crimes, some charged in the alternative, as indicated:

- **Count 1: Assault in the First Degree of Mr. Beeman** under RCW 9A.36.011(1)(a) (assault with intent to inflict great bodily harm, with a firearm or any deadly weapon or force or means likely to produce great bodily harm or death)

OR IN THE ALTERNATIVE,

- ➢ **Count 2: Assault in the Second Degree of Mr. Beeman** under RCW 9A.36.021(1)(a) (intentional assault that recklessly inflicts substantial bodily harm),

OR IN THE ALTERNATIVE,

3

> - **Count 3: Assault in the Second Degree of Mr. Beeman** under RCW 9A.36.021(1)(c) (assault with a deadly weapon),

- **Count 4: Assault in the First Degree of Ms. Hedrick** under RCW 9A.36.011(1)(c) (assault with intent to inflict great bodily harm that does inflict great bodily harm)

OR IN THE ALTERNATIVE

> - **Count 5: Assault in the Second Degree of Ms. Hedrick** under RCW 9A.36.021(1)(a) (intentional assault that recklessly inflicts substantial bodily harm),

- **Count 6: Attempt to Promote Prostitution in the First Degree** under RCW 9A.88.070, 9A.28.020(1),

- **Count 7: Felony Harassment of Ms. Hedrick** under RCW 9A.46.020(2)(b)(ii) (threat to kill), and

- **Count 8: Unlawful Imprisonment of Ms. Hedrick** under RCW 9A.40.040.

For the counts involving the assault on Mr. Beeman (counts 1 through 3), the State included a special allegation that Mr. Standley was armed with a deadly weapon. For counts 4, 5, 7 and 8 involving Ms. Hedrick, the State included a special allegation of domestic violence.

Mr. Standley's two-day bench trial was completed on a Friday and the court delivered its oral ruling the following Monday. It found Mr. Standley guilty of only a second degree assault of Mr. Beeman, finding him guilty of both counts two and three. It found him not guilty of the deadly weapon enhancement. It found him guilty of only a second degree assault of Ms. Hedrick, with a domestic violence finding. It found him guilty of the remaining charges of attempted first degree promoting prostitution, felony harassment, and unlawful imprisonment.

4

Written findings and conclusions were presented by the State at the time of sentencing. Mr. Standley appeals.

ANALYSIS

We accept the State's concession that Mr. Standley's convictions for both means of the second degree assault of Mr. Beeman charged in counts 2 and 3 violated his guaranty against double jeopardy. We remand with directions to vacate one of the convictions.

Mr. Standley's remaining arguments on appeal are *first*, that the trial court's findings of fact do not support its conclusion of guilt on four counts and with respect to one of those counts, the evidence is insufficient; and, *second*, that his offender score and sentencing range were incorrect due to a failure to treat three of his crimes as same criminal conduct. He challenges the allegedly erroneous offender score and sentencing ranges as both trial court error and the result of ineffective assistance of counsel. We address the claimed errors in the order stated.

*Insufficient evidence and findings*

Mr. Standley contends the trial court's findings are insufficient to support its conclusions that the State proved him guilty of attempted first degree promotion of prostitution, the second degree assaults of Mr. Beeman and Ms. Hedrick, and felony harassment.

Following a bench trial, a trial court need not make findings on all the evidence introduced, but its findings need to address all ultimate facts and material issues. *State v. Mewes*, 84 Wn. App. 620, 622, 929 P.2d 505 (1997). "Ultimate facts are the essential and determining facts upon which the conclusion rests and without which the judgment would lack support in an essential particular." *Wold v. Wold*, 7 Wn. App. 872, 875, 503 P.2d 118 (1972). In the absence of a finding on a material factual issue, we ordinarily presume the party with the burden of proof failed to sustain its burden. *State v. Armenta*, 134 Wn.2d 1, 14, 948 P.2d 1280 (1997). But if a trial court's findings are insufficient yet it unequivocally concluded a crime was proved and the evidence was sufficient to prove the crime's essential elements, the remedy is to remand. *See State v. Webb*, 147 Wn. App. 264, 270-71, 195 P.3d 550 (2008). The trial court can then correct any oversight in making essential findings or, if there was no oversight, it must vacate the conviction.

Mr. Standley concedes that the missing findings in support of the assault and the felony harassment convictions might have been an oversight. With respect to the attempted first degree promotion of prostitution charge, however, he argues that the evidence is insufficient.

Attempted first degree promotion of prostitution

RCW 9A.88.070(1) provides in relevant part that "[a] person is guilty of promoting prostitution in the first degree if he or she knowingly advances prostitution: (a) by compelling a person by threat or force to engage in prostitution." Mr. Standley's

argument on appeal focuses on the specific intent required for criminal attempt. "A

person is guilty of an attempt to commit a crime if, *with intent to commit a specific crime*,

he or she does any act which is a substantial step toward the commission of that crime."

RCW 9A.28.020(1) (emphasis added). Mr. Standley contends the State's evidence

proved at most equivocal intent, arguing:

> The facts suggest Mr. Standley intended to shame Hedrick and to
> vent his anger, not to get her to engage in prostitution. He may also have
> believed he could test her veracity or force her to confess by threatening to
> force her to prostitute herself.
> However, his actions show he did not intend for her to engage
> in prostitution. If his true aim had been to compel her to engage in
> prostitution, her refusal would have prompted him to use additional force
> or threats: the evidence showed he had no qualms about physical violence.

Br. of Appellant at 9 (citation omitted).

"A person acts with intent or intentionally when he or she acts with the objective

or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

"[I]ntent may be inferred from circumstantial evidence." *State v. Caliguri*, 99 Wn.2d

501, 506, 664 P.2d 466 (1983). Additionally, "a trier of fact may infer that a defendant

intends the natural and probable consequences of his or her acts." *Id.*

In orally announcing its findings and conclusions, the trial court said:

> The [Court] finds that [Mr. Standley commanded Ms. Hedrick to sell
> herself] in all seriousness and it was not puffery and he was not joking.
> The Court finds the Defendant attempted to force Ms. Hedrick to engage in
> prostitution by threat or force as he was not making a mere request, rather
> he was demanding that she engage in prostitution and these demands were
> made within the events in which he terrorized and repeatedly, brutally and

7

> violently attacked her. This was an attempt to compel her into an act of submission and prostitution by threat or force. [Mr. Standley] is guilty on Count 6.

RP at 336-37.

Ms. Hedrick testified clearly and unequivocally that Mr. Standley demanded she engage in prostitution. Mr. Standley's contention that he was not serious is nonetheless one inference that can be drawn from the evidence. But another inference that can be drawn is that Mr. Standley *was* serious, yet would not risk committing an assault in public in the light of day. A further inference that can be drawn and appears to have been drawn by the trial court in its oral ruling, is that Mr. Standley believed a verbal demand would suffice in light of his brutalization of Ms. Hedrick that preceded it.

The evidence supports the trial court's findings relevant to the first degree promotion of prostitution charge (count 6) to which Mr. Standley assigns error:

> 18. During the walk, Mr. Standley struck Ms. Hedrick at least once, and told her that she would have to prostitute herself to make money that she owed him;
> 19. At one point, Mr. Standley identified a male individual and told Ms. Hedrick that she needed to approach him and offer to sell him sexual favors. Ms. Hedrick refused to do so.

Clerk's Papers at 23. The evidence is also sufficient to support a finding that Mr. Standley acted with the specific intent to compel Ms. Hedrick by threat or force to engage in prostitution. Because the omission of a finding of specific intent might have been an oversight, remand of count 6 is appropriate.

Assaults and felony harassment

Mr. Standley argues that the trial court's findings are insufficient to support his convictions for the second degree assaults of Mr. Beeman and Ms. Hedrick under RCW 9A.36.021(1)(a) (counts 2 and 5, respectively) because there was no finding that Mr. Standley recklessly inflicted substantial bodily harm on either of them.  Br. of Appellant at 10.  Because the record contains evidence sufficient to support a finding that Mr. Standley recklessly inflicted substantial bodily harm on Mr. Beeman and Ms. Hedrick, remand of counts 2 and 5 is appropriate.

Mr. Standley argues that the trial court's findings are insufficient to support his conviction for felony harassment under RCW 9A.46.020 (count 7) because there were no findings that Mr. Standley threatened to kill Ms. Hedrick or that his statements met the definition of a "true threat."  Br. of Appellant at 11-12.  To prove a "true threat," which is required by constitutional speech protections, the State must prove that "'a reasonable person would foresee the statement would be interpreted as a serious expression of intention to inflict bodily harm upon or take the life of another person.'"  *Id.* (quoting *State v. Schaler*, 169 Wn.2d 274, 283, 236 P.3d 858 (2010)).  Here again, because the record contains evidence sufficient to support such findings, remand of count 7 is appropriate.

9

*Challenges to offender score and sentencing range*

Alleged trial court error

For the first time on appeal, Mr. Standley argues that the trial court should have scored the three crimes that he committed against Ms. Hedrick in her car (second degree assault, unlawful imprisonment, and felony harassment) as the same criminal conduct. In the trial court, Mr. Standley's trial lawyer agreed with the offender scores identified on the State's proposed judgment and sentence.

A trial court calculates a defendant's offender score for sentencing purposes by counting current offenses and past convictions. RCW 9.94A.589(1)(a). The offender score for a given current offense includes all other current offenses unless the trial court finds "that some or all of the current offenses encompass the same criminal conduct." *Id.* In that event, those current offenses are counted as one crime in arriving at the offender score. *Id.* Offenses constitute the same criminal conduct if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id.* All three criteria must be present. *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

"Deciding whether crimes involve the same time, place, and victim often involves determinations of fact," and it is well settled that "a court's determination of same criminal conduct will not be disturbed unless the sentencing court abuses its discretion or misapplies the law." *State v. Chenoweth*, 185 Wn.2d 218, 220-21, 370 P.3d 6 (2016).

For issues that involve discretion, a failure to raise the issue in the trial court operates as a waiver. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). A trial court is not required to undertake a same criminal conduct analysis sua sponte. *State v. Nitsch*, 100 Wn. App. 512, 524-25, 997 P.2d 1000 (2000). We will not entertain Mr. Standley's unpreserved challenge to the trial court's calculation of his offender score.

Ineffective assistance of counsel

Alternatively, Mr. Standley argues that his trial lawyer's failure to request a finding of same criminal conduct constituted ineffective assistance of counsel. Ineffective assistance of counsel is a manifest error affecting a constitutional right and can be raised for the first time on appeal. *State v. Brown*, 159 Wn. App. 1, 17, 248 P.3d 518 (2010).

Effective assistance of counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Mierz*, 127 Wn.2d 460, 471, 901 P.2d 286 (1995). To demonstrate ineffective assistance of counsel, a defendant must show two things: "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the

11

proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)).  When a claim can be disposed of on one ground, this court need not consider both.  *Strickland*, 466 U.S. at 697.  A claim for ineffective assistance of counsel presents a mixed question of law and fact, which this court reviews de novo.  *State v. Cross*, 156 Wn.2d 580, 605, 132 P.3d 80 (2006).

Mr. Standley relies on *State v. Phuong*, 174 Wn. App. 494, 547-48, 299 P.3d 37 (2013), which held that ineffective assistance of counsel is shown when a defendant demonstrates a reasonable possibility that a sentencing court would have found that offenses constituted the same criminal conduct if his or her lawyer had so argued.  In *Phuong*, as here, the current offenses at issue were committed at the same time and place and involved the same victim.  In *Phuong*, however, this court also found that the crimes were committed with the same criminal intent.  That conclusion was reached applying case law holding that it was enough to show that the defendant acted with the same objective criminal purpose in committing the crimes.  *Id.* at 548.

More recently, our Supreme Court held in *Chenoweth* that determining whether crimes involved the same criminal intent under RCW 9.94A.589(1)(a) requires examining the statutory criminal intent required for each crime.  185 Wn.2d at 223.  It held that if an otherwise single act comprises separate and distinct statutory criminal intents, it does not meet the statute's definition of "same criminal conduct."  *Id.*

For second degree assault, the statutorily-required intent is to intentionally assault another person. RCW 9A.36.021(1)(a). The statutory intent required for felony harassment (threat to kill) is to knowingly threaten to kill the person threatened or any other person. RCW 9A.46.020(1)(a)(i), (2)(b)(ii). For unlawful imprisonment, the statutory intent required is to knowingly restrain another person. RCW 9A.40.040(1). Applied to these facts, Mr. Standley's statutorily-required criminal intents in connection with the crimes committed in Ms. Hedrick's car were, in the case of unlawfully imprisoning her, to knowingly confine her in the car; in the case of felony harassment, to knowingly threaten to kill her; and in the case of the second degree assault, to intentionally assault her.

It is the defendant who must establish at sentencing that crimes constitute the same criminal conduct. *Phuong*, 174 Wn. App. at 547 (citing *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013)). Because Mr. Standley does not demonstrate a reasonable possibility that the trial court would have found the crimes in the car were committed with the same criminal intent, ineffective assistance of counsel is not shown.

We remand to the trial court with directions to vacate the conviction for either count 2 or count 3 and, with respect to counts 2 (if not vacated), 5, 6, and 7, either to

13

make supplemental findings based on the existing record sufficient to support the

conviction or to vacate the conviction.  The trial court is otherwise affirmed.[2]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:


_____
Lawrence-Berrey, A.C.J.


_____
Pennell, J.

---

[2] Because the State concedes one of Mr. Standley's assignments of error and fails to prevail in connection with several others, his request that we decline to award the State costs on appeal is moot.